

CAPEHART
SCATCHARD
ATTORNEYS AT LAW

Laura D. Ruccolo
856.914.2084
lruccolo@capehart.com

May 30, 2025

The Honorable Mathew J. Skahill, U.S.M.J.
United States District Court, District of New Jersey Camden
Mitchell H. Cohen Building & U.S. Cthse.
4th & Cooper Sts.
Camden, NJ 08101

Re:    C.W. Clarke ads. Kichin, Dmitriy
       Our File No.  10413-67258.e
       Docket No.  1:24-cv-10545-ESK-MJS

Dear Judge Skahill:

This office represents the Defendants in the above-referenced matter. I write to the Court pursuant to the Court's March 4, 2025 scheduling Order (Dkt. #19) to address outstanding discovery disputes that require resolution prior to Defendants being able to proceed with the Plaintiff's deposition.

Plaintiff alleges in the first paragraph of his complaint that this action arises out of an alleged partnership agreement. Plaintiff also inconsistently alleges that there was an agreement whereby Jim Scott agreed to sell Plaintiff a 50% interest (shares) in C.W. Clarke Associates Inc.  Plaintiff alleges that he agreed to pay $500,000.00 for this 50% interest. Plaintiff further alleges that the agreement was effective November, 2022 and he quit his job in reliance upon this sale. (Dkt. #1)  Notwithstanding the allegations, it is undisputed that Plaintiff became a W-2 employee of CW Clark Associates, Inc. in November, 2022 and never paid Jim Scott any amount of money to purchase shares in CW Clarke Associates, Inc.

Plaintiff's complaint brings the following causes of actions: First Count, breach of contract against Scott and CW Clark Associates, Inc.; Second Count, Promissory Estoppel against both Defendants; Third Count, unjust enrichment against both Defendants; Fourth Count, fraudulent misrepresentations against both Defendants, and Fifth Count, breach of fiduciary duty against Jim Scott.

May 30, 2025
Page 2

(Dkt. #1). Plaintiff expressly alleges that there was an enforceable contract as of November 21, 2022 and that Plaintiff secured a home equity line of credit as of that date and $100,000 loan from his brother to perform. (Doc. #1, ¶12b) Plaintiff identified in Rule 26 Disclosures that he would be producing loan documents and bank statements.

The parties timely served discovery. Thereafter, Plaintiff requested consent to extend the time to respond to discovery twice, with an agreement from Defense counsel that the parties would exchange discovery on May 5, 2025. While Defendant served discovery responses on Plaintiff on May 5, 2025, Plaintiff did not provide his discovery responses until May 6, 2025. (Exhibit A) A letter was then sent to Plaintiff's counsel outlining the multiple deficiencies with regard to the discovery responses. (Exhibit B) on May 12, 2025.

The parties participated a call to discuss the case and outstanding discovery issues on May 13, 2025. One the issues was that Plaintiff failed to produce any bank statements or loan documents, despite the prior disclosure of same. At the end of the conversation, it was agreed that the parties would address the discovery deficiencies. On May 22, 2025, after not receiving anything from Plaintiff, I emailed him asking him when he expected to provide the discovery. Plaintiff's counsel responded that he had the bank records and loan documents and would be producing them. More than a week later, Plaintiff produced additional documents. Those documents included bank statements from January 17, 2023 to February 17, 2023 and April 17, 2023 to May 16, 2023 from American Express, an AmeriTrade Statement from January 2023, and a Wells Fargo checking account statement dated January 18, 2023. Plaintiff produced no bank statements from November, 2022, December 2022, or March, 2023. Plaintiff produced no loan documents to evidence that the Heloc loan was obtained on November 21, 2022 as alleged in the complaint and no proof of any loan from Plaintiff's brother. I confirmed with Plaintiff

May 30, 2025
Page 3

counsel that he did not intend to produce any additional documents which are relevant to the facts and claims as alleged in the complaint.

Indeed, Plaintiff refused to respond to much of the discovery which directly addressed the allegations in the Complaint, except to clarify that he is claiming that Jim Scott agreed to sell him 50% of the shares of stock in CW Clarke Associates, Inc. as opposed to enter into a partnership with Plaintiff. Plaintiff asserted that he sufficiently responded to Defendants Interrogatories.

Defendants' interrogatories were intended to have Plaintiff clarify with specific facts the allegations in the Complaint. Plaintiff continues fails to respond to the interrogatories:

**Interrogatory #2**. The interrogatory seeks specifics with regard to alleged admissions by Defendant. Plaintiff asserts in his response that Defendant made an admission, but the response fails to include dates or identify any individual to whom Plaintiff alleges Mr. Scott made admissions that Plaintiff had become an owner in CW Clarke Associates, Inc.

**Interrogatory #11**. Plaintiff alleges in paragraph 11c of the complaint that he provided Scott with a detailed plan to increase sales. Interrogatory #11 asks Plaintiff to set forth the facts identifying the plan. Plaintiff does not respond with a plan. Instead, he list "key elements" which are nothing more than goals of the alleged plan. If there was no plan, then Plaintiff should state so, if there was a detailed plan, the plan should be provided.

**Interrogatory #12.** The interrogatory asks your client to detail the alleged strategies referred to in paragraph 12 of the complaint. Plaintiff fails to respond to the interrogatory with specific facts, instead asserts vaguely that the employees used "proprietary strategies" without ever identifying the alleged "strategies".

May 30, 2025
Page  4

**Interrogatory #13**.  Interrogatory #13 claims that Jim Scott introduced Plaintiff as a partner or co-owner of CW Clark, however, the response fails to identify the alleged vendors, employees or customers whom Plaintiff alleges he was introduced in that manner.

**Interrogatory #23**.  Plaintiff specifically alleges in the Fifth Count that Jim Scott breached a fiduciary duty owed to him.  Plaintiff was asked to provide facts to support this claim.  Plaintiff has objected to this interrogatory.

In terms of documents, Plaintiff has failed to produce any loan documents that are referenced in the complaint. (document request #1 and #2), bank statements for relevant period (document request #2) Plaintiff then either objects to the document request or respond that it will be produced without identifying any document being produced by description or bates stamp.  (Exhibit C)  Plaintiff produced documents bates stamped DK1-259 which consisted of text messages, his resume and joint income tax returns with his wife, but failed to produce W2s.  As a result, while Plaintiff indicates in response to the document requests that he is producing documents responsive, in fact, he produced no documents responsive to Defendants' document requests #8, 10, 12, 14, 16, 18, 23, 24, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42.  Plaintiff has produced no documents to support any of the allegations in the complaint.  Plaintiff alleges that he is seeking lost wages, but has refused to turn over the records of the business Astute Subprime Consulting that he is currently operating.

Defendants respectfully ask that the court address these discovery issues.

Respectfully submitted,
CAPEHART & SCATCHARD, P.A.

*Laura D. Ruccolo*
Laura D. Ruccolo

LDR/ldr
14561824

EXHIBIT A

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Alexander Kadochnikov
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
718-577-3261
Attorney ID # 053142013
Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

------------------------------------------------------------x

DMITRIY KICHIN,

        Plaintiff,

-against-

C.W. CLARKE ASSOCIATES, INC.
JAMES SCOTT,

        Defendants.

------------------------------------------------------------x

| |
|---|
| Docket No.: 1:24-cv-10545-ESK-MJS |
| **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES** |

Plaintiff, Dmitriy Kichin, by and through his attorneys, and pursuant to Federal Rule of Civil Procedure 33 and Local Civil Rule 33.1 of the United States District Court for the District of New Jersey, hereby submits the following Verified Answers and Objections to Defendants' First Set of Interrogatories.

**Interrogatory No. 1:**
Please state your name, address, date of birth and social security number.

**Objection**

Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and an invasion of privacy under **FRCP 26(b) (1)** as it seeks highly sensitive personal information which is not relevant to any claim or defense here. "Federal courts have been reluctant to require production of social security numbers given the sensitive nature of this private identifying information. " Tech v. United States, 284 F.R.D. 192, 202 (M.D. Pa. 2012)

**Answer:**

Plaintiff will provide his name and current address.

Dmitriy Kichin
32 St. James Ct.  Philadelphia, PA 19106

**Interrogatory No. 2:**

If you believe any admissions have been made with regard to the issues involved in this litigation, set forth: (a) The content of the admission; (b) The date when the alleged admission was made; (c) The identity of the person making the alleged admission; (d) The identity of all who were present when the admission was made; and (e) If the admission was made in writing, attach a copy of same hereto.

**Answer:**

Plaintiff states that Defendant James Scott acknowledged Plaintiff's 50% ownership interest in CW Clarke Associates during discussions in November 2022, as described in the Complaint. Plaintiff will supplement this response as discovery progresses. Initial offer of partnership was made during 1st meeting between plaintiff and defendant on 11/2021.  Second offer was made during the second meeting between plaintiff and defendant.  Lastly, acceptance took place during the third meeting witnessed by Vlad Vlasov.  Furthermore, the defendant introduced Plaintiff as his partner to all vendors and friends.

**Interrogatory No. 3:**

Identify each person you expect to call as an expert witness at the time of trial, provide a CV and substance of the facts and opinion the expert is expected to testify.

**Answer:**

Plaintiff has not yet retained expert witnesses but will supplement this response in accordance with the Court's scheduling order and FRCP 26(a)(2).

**Interrogatory No. 4:**

Explain in detail the relationship between Plaintiff and Vlad Vlasov.

**Objection**

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to specify what aspects of the "relationship" are being inquired about. Without further clarification, the term "relationship" could encompass a wide range of personal, professional, or incidental interactions, making it difficult to provide a precise response.

**Answer:**

Plaintiff interprets this request for an explanation of business relationship and states that Vlad Vlasov is a former business associate who assisted Plaintiff in implementing operational strategies at CW Clarke Associates in November 2022. Vlad Vlasov was recruited and hired by plaintiff to be a General Sales Manager / Finance manager at CW Clarke with a promise of buying in to an ownership stake in CW Clarke from plaintiff

**Interrogatory No. 5:**

Fully and completely describe all electronically stored information, tape and/or sound recordings, photos, negatives, pictures, movies, videotapes, and other items of tangible evidence which have any bearing on the issues, facts and law involved in this litigation. As to each, also give the nature of each item, location, and the names and addresses and telephone numbers of the persons having custody and control of same. Also, attach true copies of same to your Answers to Interrogatories.

**Objection** Dmitriy Kichin objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The request encompasses an extensive range of items without limitation to specific issues or facts relevant to the litigation, making it excessively broad in scope according to FRCP 26(b)(1).

**Answer:**

Plaintiff states that any relevant, non-privileged electronically stored information, photos, and recordings related to this matter are being produced in response to Defendants' Requests for Production of Documents.

**Interrogatory No. 6:**

Identify all persons who were present on November 19, 2022 when you claim there was an agreement by James Scott to sell you 50% of the ownership of CW Clarke & Associates Inc. as alleged in paragraph 8 of your complaint.

**Answer:**

Plaintiff states that he, James Scott, and Vlad Vlasov were present at CW Clarke's office during this discussion.

**Interrogatory No. 7:**

On or before November 8, 2022 were you provided with any financial statements or other documents concerning the assets of CW Clarke & Associates Inc .? If yes, describe said documents.

**Objection:**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome, as it seeks all financial statements and documents related to CW Clarke & Associates before November 8, 2022, without specifying how they are relevant to the claims or defenses.

**Answer:**

Plaintiff states that he was provided with general financial information verbally but not with formal financial statements before November 8, 2022. At the time of 3rd meeting plaintiff was shown title book containing all titles for vehicles in inventory.

**Interrogatory No. 8:**
Identify every person whom Plaintiff contends was a member of his "team" as referred to in paragraph 8 of the Complaint and the name an address of the individuals current employer.

**Answer:**

Vlad Vlasov, Alexandra Paine, Peter Young, Thomas Crone, Kobey Evans, Juan Pichardo, Tatiana Castillo, Ihor Tsivel, Kelvin Ortiz

**Interrogatory No. 9:**
Identify in detail all consideration provided by Plaintiff to Defendant James Scott in exchange for transfer of 50% of Mr. Scott's shares in CW Clarke & Associates Inc.

**Objection:**
Plaintiff objects to this interrogatory to the extent that it seeks legal conclusions regarding the validity and enforceability of the agreement between Plaintiff and Defendant James Scott. Plaintiff further objects to the extent this request is overly broad and unduly burdensome, as it does not specify a time frame or particular form of consideration. However, subject to and without waiving these objections, Plaintiff provides the following response.

**Answer:**
Plaintiff provided substantial consideration in exchange for Defendant James Scott's agreement to transfer 50% ownership of CW Clarke & Associates Inc., including but not limited to:

1. Financial Contribution: Plaintiff committed to investing $500,000 in capital for the business, including securing a Home Equity Line of Credit (HELOC) and borrowing $100,000 from his brother for the investment.

2. Business Expertise: Plaintiff resigned from his high-paying position at a Toyota dealership, where he earned approximately $300,000 annually, in reliance on Defendant Scott's promise of partnership.

3. Operational Control & Management Services: Plaintiff took over daily operations of CW Clarke & Associates, implementing new sales strategies, staff training programs, and customer acquisition techniques that significantly improved the dealership's performance.

4. Staffing & Business Development: Plaintiff recruited and brought his own team of highly skilled automotive professionals to help revitalize the business.

5. Increased Revenue: Under Plaintiff's management, the dealership's monthly car sales increased from 20 vehicles to approximately 49 vehicles, improving profitability.

Plaintiff reserves the right to supplement this response as discovery progresses and additional evidence is obtained.

**Interrogatory No. 10:**
Identify all damages Plaintiff seeks in this action and how same is calculated.

**Objection:**

Plaintiff objects to this interrogatory as premature and overly broad, as it requests a complete calculation of damages before expert discovery is conducted, in violation of FRCP 26(a)(1)(A)(iii).

**Answer:**

Subject to and without waiving the objection, Plaintiff states that he seeks damages for lost earnings, breach of contract, unjust enrichment, and fraudulent misrepresentation. Further details will be provided in accordance with expert disclosures.

**Interrogatory No. 11:**

Set forth all facts identifying the "detailed plan" alleged in paragraph 11(c) of Plaintiff's Complaint.

**Objection:**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks every detail of Plaintiff's business plan without reasonable time, scope, or subject matter limitations.

**Answer:**

Plaintiff states that the detailed plan referenced in Paragraph 11(c) of the Complaint included the following key elements for improving the operations, sales, and profitability of CW Clarke & Associates Inc.:

1. Sales & Inventory Management:

   o Implementing a structured inventory control system to optimize vehicle acquisition and turnover.

   o Increasing access to bank financing programs for customer purchases.

   o Expanding the dealership's vehicle selection and supplier relationships to increase high-demand inventory.

2. Customer Acquisition & Lead Generation Strategies:

   o Developing a digital marketing strategy to improve online customer engagement.

   o Establishing a business development center (BDC) for lead generation and follow-ups.

   o Enhancing customer engagement through social media marketing, paid advertising, and email outreach campaigns.

3. Operational Improvements & Staff Training:

   o Conducting a full assessment of existing employees and restructuring roles to improve efficiency.

- o  Implementing sales training programs for staff to enhance customer service and conversion rates.
- o  Establishing performance-based incentives for sales representatives to boost productivity.

4.  Financial Optimization & Expense Reduction:

- o  Negotiating better financing terms with lenders to maximize profitability per sale.
- o  Eliminating inefficient operational costs and reworking expense allocation.

5.  Expansion Strategy & Future Growth:

- o  Exploring the possibility of expanding operations by opening additional locations.
- o  Evaluating franchise opportunities and partnerships to increase market reach.

Plaintiff reserves the right to supplement this response as discovery progresses and additional relevant documentation is identified.

**Interrogatory No. 12:**
Set forth in detail all strategies that Plaintiff claims each individual identified in paragraph 12(c) of the Complaint implemented and how CW Clarke & Associates Inc.'s operations were improved.

**Objection:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case under FRCP 26(b)(1), as it seeks a detailed breakdown of the specific contributions of each individual without reasonable timeframe or scope limitations.

**Answer:**
Vlad Vlasov – Utilized his skill set to navigate different back offerings for each individual consumers to maximize profitability for the dealership. Employed proprietary set of rules for lead generation inquiries to convince consumers to bring their business to CW Clarke.

Thomas Crone, Igor Tseliv, Juan Piachardo, Kobey Evans , Tatiana Castillo, Kelvin Ortiz – all employed proprietary strategies for lead generation to create foot traffic, to converting customers to optimized vehicles that worked with each individual consumers credit.

Peter Your employed proprietary strategies for lead generation to increase customer show ratio.

Alexandra Paine – Employed proprietary strategies to minimize Contracts in transit time to receive payments from customers banks faster.

**Interrogatory No. 13:**
Set forth all facts to support your claim that in November 2022, you were acting as an owner of CW Clark & Associates Inc. and not an employee.

**Answer:**
Defendant James Scott granted Plaintiff full operational control over CW Clarke & Associates, including:

- Hiring and firing employees (Plaintiff terminated an employee and retained key personnel).

- Managing dealership finances and sales strategies.

- Negotiating with banks and lenders regarding financing and credit approvals.

- Defendant James Scott introduced Plaintiff to employees, vendors, and customers as a "partner" and "co-owner" of CW Clarke & Associates Inc.

- Plaintiff conducted business meetings and negotiations on behalf of the dealership, reinforcing his role as an owner rather than an employee.

- Defendant James Scott turned over his office to Plaintiff and allowed Plaintiff and Vlad Vlasov to conduct staff evaluations and make business decisions.


**Interrogatory No. 14:**
Have you ever been a Plaintiff in a lawsuit other than this case? If the answer is yes, (a) state the name of the case; (b) the venue and the docket number; and (c) the nature of your claims.

**Answer:**
No prior lawsuits

**Interrogatory No. 15:**
Have you ever been convicted of a crime? If the answer is yes (a) identify the date of the conviction; (b) the nature of the conviction; and (c) the sentence you received.

**Answer:**
No

**Interrogatory No. 16:**
Were you compensated for services performed for CW Clarke & Associates Inc. in 2022? If the answer is yes (a) identify your position; (b) the services performed; (c) the time period and; (d) the compensation you received.

**Objection:**

Plaintiff objects to this interrogatory to the extent that it assumes the existence of an employer-employee relationship, which Plaintiff disputes. Plaintiff further objects to the extent that this request is overly broad, as it does not define "compensation", which could include direct payments, profit-sharing, or other forms of financial benefits.

**Answer:**
(a) Identify Your Position:

- Plaintiff was acting as a 50% owner and partner in CW Clarke & Associates Inc., not as an employee.

(b) Services Performed:

- Plaintiff managed the daily operations of the dealership, including:

    o Overseeing sales operations and restructuring the sales process.

    o Negotiating with financial institutions to improve financing options.

    o Hiring and training staff, including bringing in a highly skilled sales team.

    o Developing marketing strategies to increase customer traffic.

    o Reorganizing inventory and supply chain management to maximize profitability.

(c) Time Period:

- Plaintiff performed these services from November 8, 2022, through February 2023 April 30, 2023.

(d) **Compensation Received:** $6000 for 2021 $70,077 for 2023

Plaintiff reserves the right to supplement this response as discovery progresses.

**Interrogatory No. 17:**
Set forth in detail all facts to support the allegations in Paragraph 13 of the Complaint including identifying the strategies and the gross profits.

**Objection**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome, as it seeks "all facts" supporting Paragraph 13 of the Complaint without any reasonable limitations as to scope or time frame. Additionally, Plaintiff objects to the extent that this request seeks financial data that is in Defendant's possession, custody, or control, including dealership gross profit reports, financial statements, and sales records.

**Answer:**

Plaintiff, transformed strategies of lead generation and processing. Changed inventory strategies as to what type of inventory to carry. Applied proprietary auto loan approval process for the cars. CIT process along with digital contacting. Implemented the way sales staff solicited consumers.

**Interrogatory No. 18:**
Are you claiming that you were entering into a partnership with James Scott or purchasing shares in from Jim Scott in CW Clarke & Associates Inc .?

**Objection:**

Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion regarding the nature of the agreement between Plaintiff and Defendant James Scott. Plaintiff further objects to the extent that the request oversimplifies the transaction by forcing a binary answer when the agreement involved elements of both a partnership and a share purchase.

**Answer:**

Entering partnership with a 50/ 50 Split. Initial meeting was set up as me buying the entire CW Clarke business to him switching to 50/50. He does the inventory buying and Dmitriy Kichin runs the showroom and sales.

**Interrogatory No. 19:**

Did you ever take any steps to pay James Scott any money for shares in CW Clark & Associates Inc .? If so, describe all steps taken provide payment for the shares you claim Mr. Scott agreed to sell you.

**Objection:**

Dmitriy Kichin objects to this interrogatory on the grounds that it is vague and ambiguous. The phrase "steps taken provide payment" lacks clarity and specificity regarding the nature of actions or transactions being inquired about. Additionally, the interrogatory presupposes a legal conclusion regarding an agreement to sell shares, which may not be established.

**Answer:**

Plaintiff states that he took multiple concrete steps toward fulfilling his financial commitment as part of his agreement with Defendant James Scott, including:

1. Securing Financing for the Investment:

   o Plaintiff obtained a Home Equity Line of Credit (HELOC) on his personal residence as part of his commitment to invest $500,000 in the business.

   o Plaintiff also secured an additional $100,000 loan from his brother to contribute to the investment.

2. Business Contributions in Reliance on Ownership Agreement:

   o Plaintiff resigned from his high-paying job at a Toyota dealership (where he earned approximately $300,000 per year) based on Scott's promise of ownership.

   o Plaintiff brought in his own team of skilled professionals to improve operations at CW Clarke & Associates Inc.

   o Plaintiff took over full operational control of the dealership, including hiring/firing employees, restructuring sales, and negotiating with lenders.

3. James Scott's Instructions to "Hold Off" on Payment:

   o On or about January 18, 2023, James Scott told Plaintiff to delay transferring the $500,000 investment without providing a clear reason.

     o  Despite this, Plaintiff continued performing ownership duties with the expectation that the agreement would be formalized.

Plaintiff reserves the right to supplement this response as discovery progresses.

**Interrogatory No. 20:**
Identify in detail all amounts of loss alleged which you allege you suffered in Paragraph 20 of the Complaint.

**Objection**

Plaintiff objects to this interrogatory as premature, as it seeks a full calculation of damages before the completion of fact and expert discovery, in violation of FRCP 26(a)(1)(A)(iii). Additionally, Plaintiff objects to the extent that this request seeks information already in Defendant's possession, including dealership financial records and communications regarding Plaintiff's expected ownership and compensation.

    **Answer:**

1.   Lost Earnings from Prior Employment:

- Plaintiff resigned from his lucrative position at a Toyota dealership, where he earned approximately $300,000 per year, in reliance on Defendant's promise of a 50% ownership interest in CW Clarke & Associates Inc.

- Plaintiff has been unable to secure an equivalent salary and benefits package after Defendant's breach of agreement.

2. Financial Commitments Made in Reliance on the Agreement:

- Plaintiff incurred substantial financial obligations in preparation for his investment in CW Clarke & Associates Inc., including:

     o  Securing a Home Equity Line of Credit (HELOC) on his residence to finance the $500,000 investment.

     o  Borrowing $100,000 from his brother as part of his planned capital contribution.

3.   Unpaid Profits from CW Clarke & Associates Inc.:

- Under the agreed-upon 50% ownership structure, Plaintiff was entitled to half of all dealership profits generated from November 2022 onward.

- Based on available dealership sales data and projected profit margins, Plaintiff estimates lost profits exceeding $250,000.

**Interrogatory No. 21:**
Set forth all facts to support the allegations in paragraph 21 of the Complaint.

**Objection**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome, as it seeks "all facts" supporting Paragraph 21 of the Complaint without reasonable limitations on time or scope. Additionally, the request may improperly seek disclosure of attorney work product if it requires the identification of mental impressions or legal strategies developed in anticipation of litigation.

**Answer:**

**1.** Defendant James Scott's Misrepresentations & Inducement

- In November 2022, Defendant James Scott represented to Plaintiff that they were entering into a partnership and that Plaintiff would receive a 50% ownership stake in CW Clarke & Associates Inc.

- Scott reaffirmed this agreement in multiple conversations, including meetings on November 8, November 15, and November 19, 2022.

- Scott introduced Plaintiff to employees, lenders, and vendors as his new business partner, reinforcing the ownership promise.

2. Plaintiff's Reliance on Defendant's Representations

- Plaintiff resigned from his high-paying position at a Toyota dealership, where he earned approximately $300,000 per year, in reliance on Scott's promise of ownership.

- Plaintiff secured a Home Equity Line of Credit (HELOC) on his residence and borrowed $100,000 from his brother in preparation for his $500,000 capital investment in the business.

- Plaintiff took over full operational control of the dealership, hiring and training new employees, restructuring sales processes, and negotiating with lenders.

3. Defendant's Sudden Refusal to Honor the Agreement

- On or about January 18, 2023, James Scott abruptly instructed Plaintiff to "hold off" on transferring the $500,000 investment, without providing a legitimate reason.

- Scott continued to benefit from Plaintiff's work and strategies while delaying formalizing Plaintiff's ownership stake.

- By February 2023, Scott had completely reneged on his promises, depriving Plaintiff of the ownership interest, profits, and compensation he was entitled to.

Plaintiff reserves the right to supplement this response as discovery progresses.

**Interrogatory No. 22:**
What do you contend was the value of CW Clark & Associates Inc. in November 2022 and set forth the basis for your response.

**Objection**

Plaintiff objects to this interrogatory as seeking an expert opinion, which is premature under FRCP 26(a)(2), as expert discovery has not yet been conducted. Plaintiff further objects to the extent that Defendant is in a better position to provide an accurate valuation since Defendant James Scott controlled the company's financial records, tax filings, and internal accounting data at the relevant time.

**Interrogatory No. 23:**
Set forth all facts that you claim support your assertion that James Scott owed you a fiduciary duty and that he breached that duty.

**Objection**

Plaintiff objects to this interrogatory as premature. Plaintiff will supplement this response in accordance with Local Rule 33.1(d).

**Interrogatory No. 24:**
Identify in detail all representations referred to in paragraph 46 of Plaintiff's Complaint.

**Answer:**
N/A

**Interrogatory No. 25:**
Identify all individuals or entities by whom you have been employed from January 1, 2015 to the present and provide (a) address of your employer; (b) the name of your supervisor, (c) dates of employment; and (d) the reason(s) employment terminated.

**Answer:**
1. Conicelli Toyota, Honda, Nissan, Hyundai.  12/2010 – 05/2020
1100 Ridge Pike, Conshohocken PA 19428
Eric Fishbein supervisor
Resigned position to pursue other opportunities

2. Toyota of Runnmeede 11/2020 to 11/2022
    99 Black Horse Pike, Runnemede, NJ 08078
    Joseph Sabatini
    Resigned to accept partnership position with CW Clarke

/s/ Kadochnikov

**VERIFICATION**

I, Dmitriy Kichin, a Plaintiff herein, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2025

_____
Dmitriy Kichin

EXHIBIT B



Laura D. Ruccolo
856.914.2084
lruccolo@capehart.com

May 12, 2025

Alexander Kadochnikov, Esq.
80-02 Kew Gardens Rd
Kew Gardens, NY 11415

Re:    C.W. Clarke ads. Kichin, Dmitriy
       Our File No.  10413-67258.e
       Docket No.  1:24-cv-10545-ESK-MJS

Dear Mr. Kadochnikov:

       I am writing to address your client's deficiencies in responding to discovery.  Your client's responses to interrogatories for the following reasons:

**Interrogatories:**

**Interrogatory #2**.  The interrogatory asks your client to identify admissions made by Defendants. Your client's response is not responsive to the interrogatory.  Your client is required to respond to the interrogatory as posed.  Kindly have to your client respond to the interrogatory.

**Interrogatory #3.**  Your client failed to respond to the interrogatory. Furthermore your objection to the common term "relationship" is not appropriate and evasive.  The word "relationship" is commonly defined to mean the way in which two  people are connected."  Your client needs to respond to the interrogatory as posed.

**Interrogatory #5**. Your client failed to provide a full and complete answer to the interrogatory. Your client needs to respond to the interrogatory.

**Interrogatory #8**.  Your client failed to provide a full and complete response to interrogatory #8. Your client needs to provide a full and complete response to the interrogatory.

**Interrogatory #11**.  Your client's response to interrogatory #11 is not responsive.  If there was no plan, then your client should state so, if there was a detailed plan, the plan should be provided. Your client's response regarding "key elements" with objectives, is not a "plan" and not responsive to the interrogatory.

**Interrogatory #12.** Your client failed to answer Interrogatory #12. The interrogatory asks your client to detail the alleged strategies. Your client's response fails to do so.  Your client needs to respond to the interrogatory.

May 30, 2025
Page 2

**Interrogatory #13**. Interrogatory #13 claims that Jim Scott introduced Plaintiff as a partner or co-owner of CW Clark, however, the response fails to identify the alleged vendors, employees or customers whom Plaintiff alleges he was introduced in that manner.

Interrogatory #16. The response regarding the time period makes no sense. Please have your client revise this response.

**Interrogatory #17**. Again, your client fails to provide facts and specifically respond to the interrogatory. Your client needs to respond this interrogatory.

**Interrogatory #18**. Your client's response is not clear. Is your client claiming that he was purchasing a 50% interest in CW Clark Associates or was he entering into a partnership with Jim Scott.

**Interrogatory #19**. Your client's response is not responsive to interrogatory #19. If your client took no steps to make payment to Mr. Scott for a 50% interest in CW Clarke & Associates, your client needs to respond that was case.

**Interrogatory #22**. Your client's objection is not appropriate in light of the allegations. Your client needs to respond to the interrogatory.

**Interrogatory #23**. Your client's objection is not appropriate in light of the allegations. Your client needs to respond to the interrogatory.

**Interrogatory #24**. Your client's response to this interrogatory is not responsive. Your client needs to respond to the interrogatory.

**Request for Production of Documents:**

**Document Request #1**. Your client failed to produce the documents related to the alleged home equity loan or the alleged loan from Plaintiff's brother. No loan documents or bank records were produced at all although same were identified in Plaintiff's Rule 26 Disclosures and the complaint. The Complaint alleges that Plaintiff began the refinancing process on or about November 15, 2022. Where are the loan documents? No bank statements showing the alleged amounts of the loans were provided. Your client has an obligation to produce the documents and demonstrate his claim that he was able to pay the alleged purchase price in November, 2022.

**Document Request #2**. As noted above, the Plaintiff's Rule 26 disclosures indicates that your client is in possession of loan documents and bank statements to demonstrate his ability to pay the alleged $500.000 purchase price in November, 2022. To date, your client has failed to produce any loan documents or banks statements demonstrating his ability to pay the alleged purchase price.

**Document Request #3.** You produced a recording, but failed to identify when and where the recording was made. Please do so.

May 30, 2025
Page 3

**Document Request #4.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #5.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #6.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #8.** Your client failed to produce any documents in response to this request. The objection is not appropriate. Please have your client respond to this request.

**Document Request #9.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #10.** Your client failed to produce any documents in response to this request. Your objection is not appropriate. Your client expressly identified in Rule 26 disclosures, loan documents and bank statements. None of which have been produced. Your client needs to respond to this request.

**Document Request #14.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #16.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #17.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #18.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #21.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #23.** Your objection is improper. Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #24.** Your objection is improper. Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

May 30, 2025
Page 4

**Document Request #26.** Your objection is improper. Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #27.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #30.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #32.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #33.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #34.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #35.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #37.** Your client failed to produce W2s. Your client needs to fully respond to this request.

**Document Request #38.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #39.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #40.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #41.** Your client failed to produce any documents in response to this request. If he has documents they should be produced. If he does not, his should respond accordingly.

**Document Request #42.** Your objection is not proper. Your client's current business and earning is certainly relevant to the claims in this case. Your client needs to respond to this request.

May 30, 2025
Page  5


      I expect that you will address these issues during our meet and confer conference call tomorrow afternoon. If this issues cannot be resolved, please be advised that we intend to seek the court's intervention.

                    Very truly yours,

                    CAPEHART & SCATCHARD, P.A.

                    *Laura D. Ruccolo*

                    Laura D. Ruccolo


LDR/ldr
14482715

EXHIBIT C

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Alexander Kadochnikov
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
718-577-3261
Attorney ID # 053142013
Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

-------------------------------------------------------x

DMITRIY KICHIN,

        Plaintiff,

-against-

C.W. CLARKE ASSOCIATES, INC.
JAMES SCOTT,

        Defendants.

-------------------------------------------------------x

| |
|---|
| Docket No.: 1:24-cv-10545-ESK-MJS |
| **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiff, Dmitriy Kichin, by and through his attorneys, and pursuant to Federal Rule of Civil Procedure and Local Civil Rules of the United States District Court for the District of New Jersey, hereby submits the following:

**Request for Production No. 1:**
All documents identified in Plaintiff's Complaint.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it is overly broad, vague, and unduly burdensome, in violation of Fed. R. Civ. P. 26(b)(1). The Complaint is a pleading document, not a discovery roadmap, and does not identify documents with sufficient specificity for discovery purposes. Additionally, to the extent this request seeks "all documents" without limitation as to category, time frame, or subject matter, it is not proportional to the needs of the case and fails to describe the items to be inspected with reasonable particularity.

Subject to and without waiving these objections, Dmitriy Kichin will produce non-privileged, responsive documents in his possession that are reasonably identifiable based on the allegations in the Complaint, including:

- Documents concerning the Home Equity Line of Credit (HELOC) described in Paragraph 12(b);
- Written or electronic communications between Kichin and Defendants regarding the alleged partnership or business operations; and
- Documents related to the $100,000 loan from his brother also referenced in Paragraph 12(b).

To the extent Defendants seek other specific categories of documents not clearly identifiable in the Complaint, Kichin respectfully requests clarification so that he may identify and produce additional responsive materials in accordance with Fed. R. Civ. P. 26(e) and his continuing obligations under the discovery rules.

**Request for Production No. 2:**
All documents identified in Plaintiff's Rule 26 Disclosures.

**Answer:**
Dmitriy Kichin is producing herewith documents identified in Category B of the initial disclosures.

**Request for Production No. 3:**
All recordings identified in Plaintiff's Rule 26 Disclosures.

**Answer:**
Dmitriy Kichin is producing herewith a recording identified in Category B of the initial disclosures.

**Request for Production No. 4:**
All documents identified in Plaintiff's answers to Interrogatories.

**Answer:**
Dmitriy Kichin objects to this request as overly broad and duplicative under Fed. R. Civ. P. 26(b)(2)(C). Subject to and without waiving these objections, he is producing non-privileged documents specifically identified in his Interrogatory responses.

**Request for Production No. 5:**
All documents relied on or referred to by Plaintiff in answering the Interrogatories

**Answer:**
Dmitriy Kichin objects to this request as overly broad and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these objections, he is producing relevant, non-privileged documents materially relied upon in answering the Interrogatories.

**Request for Production No. 6:**
All documents requested in the Interrogatories propounded upon the Plaintiff.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it is vague and ambiguous. The request references documents requested in the Interrogatories without specifying which documents are being sought, making it unclear which specific documents are required for production.

**Request for Production No. 7:**
All documents on which you intend to rely upon at the time of trial.

**Answer:**
Dmitriy Kichin objects to this request as premature and improperly timed under Fed. R. Civ. P. 26(a)(3) and the Court's scheduling order. He will produce trial exhibits at the appropriate time as required by the Federal Rules and any scheduling order entered in this matter.

**Request for Production No. 8:**
All documents in Plaintiff's possession or Plaintiff's agents or representative concerning the subject matter of this litigation.

**Answer:**
Dmitriy Kichin objects to this request as vague, overly broad, and not limited in time or subject matter as required by Fed. R. Civ. P. 26(b)(1).

**Request for Production No. 9:**
Copies of all documents, contracts, or written communications between the parties concerning the alleged agreements described in the Complaint.

**Answer:**
Dmitriy Kichin objects to this request as overly broad, vague, unduly burdensome, and/or not proportional to the needs of the case as required under Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). To the extent this request seeks non-privileged documents that are relevant, within Kichin's possession, custody, or control, and not previously produced, he will produce them or meet and confer regarding clarification of the scope.

**Request for Production No. 10:**
Copies of any and all documents which demonstrate that Plaintiff had the ability to pay $500,000.00 for stock as alleged in the Complaint in November, 2022.

**Answer:**
Dmitriy Kichin objects to this request as overly broad, vague, unduly burdensome, and/or not proportional to the needs of the case as required under Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). The request does not specify what types of documents would "demonstrate" the ability to pay. Dmitiry Kichin produces herewith HELOC documents and loan documents.

**Request for Production No. 11:**
Any and all copies of reports, correspondence, memoranda, and writings rendered by an expert witness employed or consulted by this answering party or anyone acting on this answering party's behalf concerning this matter.

**Answer:**
Dmitriy Kichin objects to this request as premature under Fed. R. Civ. P. 26(a)(2)(B) and (D), which govern the timing and content of expert witness disclosures. The request also seeks documents protected by the attorney work-product doctrine to the extent it seeks communications between Kichin's counsel and any retained expert under Fed. R. Civ. P. 26(b)(4)(C).

Subject to and without waiving these objections, Dmitriy Kichin will disclose the identity of any expert witness and produce any required expert reports in accordance with the schedule set by the Court

**Request for Production No. 12:**
Any and all written statements, transcriptions from any recorded statements, recordings or any oral statements and summaries of all interviews directly or indirectly concerning the above-captioned litigation made by any of the parties to this litigation or of any witnesses to the events surrounding the subject matter of the instant action or occurrence or the events which immediately followed thereafter, which are in your possession or in the possession of anyone working on your behalf.

**Answer:**
Dmitriy Kichin objects to this request as overly broad, unduly burdensome, and vague, particularly with respect to the terms "indirectly concerning," "events which immediately followed thereafter," and "anyone working on your behalf," in violation of Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). To the extent the request seeks documents prepared in anticipation of litigation or for trial, it seeks materials protected by the work-product doctrine under Fed. R. Civ. P. 26(b)(3). Additionally, to the extent it seeks witness statements obtained through interviews conducted by or at the direction of counsel, such materials may also be protected by attorney work product.

Subject to and without waiving these objections, Dmitriy Kichin will produce any non-privileged, written or recorded statements made by parties or third-party witnesses in his possession, custody, or control that are responsive to this request and relevant to the claims and defenses in this action.

**Request for Production No. 13:**
A copy of Plaintiff's CV or Resume.

**Answer:**
Produced herewith

**Request for Production No. 14:**
All writings, recordings, memos, notes, diaries and records, including documents stored on your computer, describing or relating directly or indirectly to the transactions described by Plaintiff in the Complaint.

**Answer:**
Dmitriy Kichin objects to this request as overly broad, vague, and unduly burdensome,

particularly in its use of expansive terms such as "relating directly or indirectly" and its inclusion of undefined categories of electronically stored information. The request is not limited in scope, time, or subject matter, and therefore fails to comply with Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A), which require that discovery be proportional to the needs of the case and that requests describe with reasonable particularity the items sought.

To the extent this request seeks personal writings or materials not relevant to any claim or defense, or seeks documents protected by the attorney-client privilege or work-product doctrine, such materials will be withheld.

Subject to and without waiving the foregoing objections, Dmitriy Kichin will produce non-privileged, responsive documents in his possession, custody, or control that describe or reflect communications, notes, and other writings related to the alleged partnership agreement and Defendants' subsequent conduct, as alleged in the Complaint.

**Request for Production No. 15:**
A copy of any and all documents Plaintiff received from Defendants regarding the valuation of CW Clarke & Associates Inc. as of November, 2022.

**Answer:**
No documents responsive to this request.

**Request for Production No. 16:**
A copy of any and all documents addressed to or received from individuals or entities not a party to this lawsuit which refer or relate in any way to the subject of the instant action.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it is overly broad, vague, and not proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). The phrase "relate in any way to the subject of the instant action" is undefined and could be interpreted to include a wide range of tangential or irrelevant communications. The request also fails to specify a reasonable time frame, subject matter, or custodians, rendering it unduly burdensome.

To the extent this request seeks communications protected by the attorney-client privilege or work-product doctrine, such documents will be withheld and identified as necessary in a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

Subject to and without waiving these objections, Dmitriy Kichin will produce non-privileged, responsive documents in his possession, custody, or control that were addressed to or received from non-parties and that directly concern the alleged partnership agreement, Plaintiff's performance under the agreement, and Defendants' repudiation of the same, as described in the Complaint.

**Request for Production No. 17:**
Photographs, maps, sketches, diagrams, tape recordings, videos, e-mails, text messages, voice mails, facsimiles, and any and all other tangible evidence relating to this matter.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it is overly broad, vague, and unduly burdensome, and that it seeks categories of documents without sufficient specificity as required under Fed. R. Civ. P. 34(b)(1)(A). The phrase "relating to this matter" is ambiguous and not reasonably limited in subject matter or time, and the request does not identify custodians, formats, or a basis for the inclusion of certain listed items (e.g., maps, sketches).

To the extent this request seeks information protected by the attorney-client privilege or the work-product doctrine under Fed. R. Civ. P. 26(b)(3), such documents will be withheld and, if applicable, identified in a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

Subject to and without waiving these objections, Dmitriy Kichin will produce non-privileged, responsive tangible evidence in his possession, custody, or control, including relevant photographs, emails, text messages, and other communications or materials that concern the alleged partnership agreement, Plaintiff's performance and investment efforts, and Defendants' subsequent repudiation, as described in the Complaint.

**Request for Production No. 18:**
Correspondence, diaries, logs, journals, inventories, time sheets and any and all other written documentation relating to this matter.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it is overly broad, vague, and not proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). The phrase "relating to this matter" is undefined and invites speculation as to its intended scope. Additionally, the request seeks numerous categories of potentially voluminous and irrelevant documents without any limitation as to date range, subject matter, or custodian.

To the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine, such materials will be withheld and, where appropriate, identified in a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A).

Subject to and without waiving these objections, Dmitriy Kichin will produce non-privileged, responsive documents in his possession, custody, or control that are reasonably related to the claims and defenses in this action, including correspondence and written materials relevant to the alleged partnership agreement and his contributions to CW Clarke.

**Request for Production No. 19:**
Statements obtained from any and all witnesses, whether written by the declarant or transcribed from any recorded conversation.

**Answer:**
Dmitriy Kichin has not obtained any statements from any witnesses

**Request for Production No. 20:**
Copies of all interrogatories, answers to interrogatories, responses to document demands, expert

reports, pleadings, admissions, witness statements and any and all discovery previously or subsequently obtained from any party to this or any related case.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it is overly broad, vague, and not proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). The request seeks undefined "discovery" from "any related case" without identifying what cases are intended, who the parties are, or what the subject matter of such discovery may be. It is unduly burdensome to require the identification and production of unspecified materials from unknown litigation contexts.

To the extent this request seeks pleadings or discovery exchanged in this case, such materials are already in Defendants' possession or available via the Court's docket, and the request is therefore duplicative and cumulative, in violation of Fed. R. Civ. P. 26(b)(2)(C).

To the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine, such materials will be withheld and identified if required pursuant to Fed. R. Civ. P. 26(b)(5)(A)

**Request for Production No. 21:**
Copies of any and all other documents of any nature, kind, or description upon which you will rely or that are relevant to the allegations set forth in the Complaint.

**Answer:**
This request is duplicative to Request # 1

**Request for Production No. 22:**
Copies of all statements obtained from any and all witnesses, whether written by the declarant or transcribed from any recorded conversation.

**Answer:**
This request is duplicative of Request # 19

**Request for Production No. 23:**
All documents containing information regarding or related to each and every fact which you will rely upon to defend Plaintiff's claims, without reference to conclusions of law or the pleadings in this lawsuit.

**Answer:**
Dmitriy Kichin objects to this request as impermissibly vague, overly broad, and unduly burdensome, in violation of Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). The request is so imprecise and expansive—seeking "all documents... related to each and every fact" without limitation—that it fails to identify with reasonable particularity the documents sought and makes it unclear what categories of documents Defendants are even referring to. As drafted, it is impossible to discern what information Defendants are seeking, let alone how to begin formulating a proper response.

To the extent Defendants clarify the specific categories of documents they are seeking or the factual issues they intend to address, Dmitriy Kichin will meet and confer in good faith and produce non-privileged, responsive documents within his possession, custody, or control that are relevant and proportional to the needs of this case.

**Request for Production No. 24:**
All documents which have any bearing on the factual questions at issue in the present litigation.

**Answer:**
Dmitriy Kichin objects to this request as impermissibly vague, overly broad, and unduly burdensome, in violation of Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). The request is so imprecise and expansive—seeking "all documents... related to each and every fact" without limitation—that it fails to identify with reasonable particularity the documents sought and makes it unclear what categories of documents Defendants are even referring to. As drafted, it is impossible to discern what information Defendants are seeking, let alone how to begin formulating a proper response.

To the extent Defendants clarify the specific categories of documents they are seeking or the factual issues they intend to address, Dmitriy Kichin will meet and confer in good faith and produce non-privileged, responsive documents within his possession, custody, or control that are relevant and proportional to the needs of this case.

**Request for Production No. 25:**
All notes, diaries or journals, transcripts, audio, visual or other recordings and electronic documents, including, but not limited to, e-mails, text messages and voice mails Defendant may have made that are related to the facts or issues raised within the pleadings to document and support the claims alleged within the Complaint.

**Answer:**
Dmitriy Kichin objects to this request as duplicative, overly broad, and cumulative, in violation of Fed. R. Civ. P. 26(b)(2)(C). To the extent this request seeks the same categories of materials already addressed in prior requests (including but not limited to Requests Nos. 1, 14, 17, and 18), it imposes an unnecessary burden and is not proportional to the needs of the case. The request also lacks reasonable specificity under Fed. R. Civ. P. 34(b)(1)(A) and improperly assumes the existence of documents "Defendant may have made," which is irrelevant to the Plaintiff's production obligations.

**Request for Production No. 26:**
All documents containing the names and home and business addresses of all individuals plaintiff has contacted or plans to contact as a potential witness.

**Answer:**
Dmitriy Kichin objects to this request to the extent it is duplicative of Plaintiff's obligations under Fed. R. Civ. P. 26(a)(1)(A)(i). The identities and available contact information of individuals likely to have discoverable information supporting Plaintiff's claims or defenses have already been disclosed in Plaintiff's initial disclosures.

To the extent such individuals have been identified, or new individuals are identified during the course of discovery, Plaintiff will supplement his disclosures as required under Fed. R. Civ. P. 26(e). At this time, to the extent Dmitriy Kichin has not supplemented his initial disclosures, he is not in possession of additional responsive information beyond what has already been disclosed.

**Request for Production No. 27:**
All documents containing information regarding or related to each and every fact which you will rely upon to establish the liability of the Defendant, without reference to conclusions of law or the pleadings in this lawsuit.

**Answer:**
Dmitriy Kichin objects to this request as duplicative, cumulative, and overly broad, in violation of Fed. R. Civ. P. 26(b)(2)(C). This request substantially overlaps with numerous prior requests—including but not limited to Requests Nos. 1, 8, 14, 17, and 25—that already seek documents supporting Plaintiff's factual allegations and claims.

**Request for Production No. 28:**
All documents which have any bearing on the factual questions at issue in the present litigation.

**Answer:**
Dmitriy Kichin objects to this request as duplicative, cumulative, and overly broad, in violation of Fed. R. Civ. P. 26(b)(2)(C). This request encompasses the same subject matter already addressed in prior requests—including, but not limited to, Requests Nos. 1, 8, 14, 17, 25, and 27—which collectively seek documents relating to the factual issues underlying Plaintiff's claims.

**Request for Production No. 29:**
All notes, diaries or journals, transcripts, audio, visual or other recordings and electronic documents, including, but not limited to, e-mails, text messages and voice mails plaintiff may have made that are related to the facts or issues raised within the pleadings to document and support the claims alleged within the Complaint.

**Answer:**
Dmitriy Kichin objects to this request as duplicative, cumulative, and overly broad, in violation of Fed. R. Civ. P. 26(b)(2)(C). This request substantially overlaps with several prior requests— including but not limited to Requests Nos. 1, 14, 17, 18, and 25—all of which seek documents and communications supporting the factual allegations in the Complaint.

**Request for Production No. 30:**
Copies of any and all other documents of any nature, kind, or description upon which you will rely or that are relevant to the allegations set forth in the Complaint.

**Answer:**
Dmitriy Kichin objects to this request as duplicative, cumulative, and overly broad, in violation of Fed. R. Civ. P. 26(b)(2)(C). The request seeks "any and all" documents that are "relevant to

the allegations" in the Complaint or that Plaintiff "will rely upon," which is substantially duplicative of Requests Nos. 1, 8, 14, 17, 25, and 29, among others.

**Request for Production No. 31:**
All documents or records reviewed in preparation of the answers by Plaintiff to interrogatories.

**Answer:**
Dmitriy Kichin objects to this request as duplicative, cumulative, and overly broad, in violation of Fed. R. Civ. P. 26(b)(2)(C). To the extent this request seeks documents relied upon or referred to in formulating interrogatory answers, it duplicates prior requests—specifically Request Nos. 4 and 5—which already seek documents identified in or relied upon in answering interrogatories.

**Request for Production No. 32:**
All documents regarding, related to or otherwise supporting any of Plaintiff's claims for equitable or injunctive relief in this lawsuit.

**Answer:**
Dmitriy Kichin objects to this request as overly broad and vague, particularly in its use of the phrases "regarding, related to, or otherwise supporting," which fail to describe the documents sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). The request is also overly expansive in scope and unduly burdensome to the extent it seeks to compel the production of all documents "related to" equitable or injunctive relief without limiting subject matter or timeframe.

Subject to and without waiving these objections, Dmitriy Kichin will produce non-privileged, responsive documents in his possession, custody, or control that are reasonably related to his claims for equitable or injunctive relief, including those that address the nature of the alleged partnership, his contributions to the business, and the harm suffered as a result of Defendants' conduct.

**Request for Production No. 33:**
All documents regarding, related to or otherwise supporting any of Plaintiff's claims for compensatory damages in this lawsuit.

**Answer:**
Dmitriy Kichin objects to this request as overly broad and vague, particularly in its use of the phrases "regarding, related to, or otherwise supporting," which fail to describe the documents sought with the specificity required under Fed. R. Civ. P. 34(b)(1)(A). The request is also premature to the extent it seeks documents that may be disclosed through expert discovery, which has not yet commenced in accordance with the Court's scheduling order and Fed. R. Civ. P. 26(a)(2)(D).

**Request for Production No. 34:**
All documents regarding, related to or otherwise supporting any of Plaintiff's claims for punitive damages in this lawsuit.

**Answer:**
Dmitriy Kichin objects to this request as overly broad, vague, and not proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1) and 34(b)(1)(A). The request's phrasing—"regarding, related to or otherwise supporting"—is not reasonably specific and encompasses a potentially vast and undefined range of materials. Kichin further objects to the extent this request seeks information outside the scope of discovery or not subject to disclosure until expert or dispositive phases of the case, particularly because the availability of punitive damages is a legal determination reserved for the Court based on the facts proven at trial.

Subject to and without waiving these objections, Dmitriy Kichin states that his claim for punitive damages is based on Defendants' alleged willful and bad-faith conduct as set forth in the Complaint. He will produce non-privileged, factual documents in his possession, custody, or control that form the basis for such allegations, to the extent they are not already produced and are not protected by the attorney-client privilege or work-product doctrine.

**Request for Production No. 35:**
All documents that support your claims for declaratory relief.

**Answer:**
Dmitriy Kichin objects to this request as overly broad and vague, including the undefined term "support," and for failing to describe the documents sought with reasonable particularity in violation of Fed. R. Civ. P. 34(b)(1)(A). This request is duplicative of Request No. 32, which seeks documents related to equitable and injunctive relief, as the factual basis for Plaintiff's claim for declaratory relief overlaps significantly with those equitable claims.

Subject to and without waiving these objections, Dmitriy Kichin will produce non-privileged, responsive documents in his possession, custody, or control that are reasonably related to his request for declaratory relief—specifically, documents addressing the nature of the alleged partnership, his contributions to the business, and Defendants' repudiation of the parties' agreement—as already referenced in prior responses and productions.

**Request for Production No. 36:**
All documents referenced within the Complaint.

**Answer:**
Dmitriy Kichin objects to this request as duplicative, cumulative, and overly broad, in violation of Fed. R. Civ. P. 26(b)(2)(C). This request substantially overlaps with prior requests—specifically Requests Nos. 1, 9, 14, and others—which already seek documents that support or relate to the allegations set forth in the Complaint.

**Request for Production No. 37:**
Copies of Plaintiff's tax returns and W-2s from 2020 to the present.

**Answer:**

**Request for Production No. 38:**
Any and all documents received by Plaintiff from Defendant related to Plaintiff's employment with Defendant CW Clark & Associates Inc.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it is vague and overly broad, particularly with respect to the undefined scope of the term "employment," which is a disputed issue in this case. The request also assumes the existence of a formal employment relationship, which Kichin denies. Furthermore, to the extent the request seeks documents not relevant to the claims or defenses in this action, it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing objections, Dmitriy Kichin will produce any non-privileged, responsive documents in his possession, custody, or control that he received from Defendants relating to his operational role or dealings with CW Clarke & Associates Inc., to the extent such documents exist.


**Request for Production No. 39:**
Any and all documents which identify Plaintiff's "team" as alleged in the Complaint.

**Answer:**
Dmitriy Kichin objects to this request as vague and lacking reasonable particularity in violation of Fed. R. Civ. P. 34(b)(1)(A). The term "identify" is not defined, and it is unclear whether Defendants are seeking names, roles, communications, or something else. The request is also cumulative and duplicative of information already provided in Plaintiff's initial disclosures served pursuant to Fed. R. Civ. P. 26(a)(1), which included the names of the individuals referred to as Plaintiff's "team."

Subject to and without waiving these objections, Dmitriy Kichin states that, to the best of his knowledge, there are no documents in his possession, custody, or control that specifically "identify" the team members beyond what has already been disclosed. To the extent any such documents come to light during discovery, Kichin will supplement in accordance with Fed. R. Civ. P. 26(e).

**Request for Production No. 40:**
All documents that support the allegations in Paragraph 12(a) of Plaintiff's Complaint.

**Answer:**
Dmitriy Kichin objects to this request as overly broad, vague, and not described with reasonable particularity, in violation of Fed. R. Civ. P. 34(b)(1)(A). It is unclear whether Defendants are seeking a specific type or category of document beyond what may be reasonably interpreted from the allegations in Paragraph 12(a), which concerns Plaintiff's resignation from prior employment.

To the extent this request seeks communications or documents in Kichin's possession reflecting or related to his resignation from his previous employment as alleged in Paragraph 12(a), he will produce non-privileged, responsive materials. To the extent the request seeks documents beyond that—such as private employment records, speculative documentation, or irrelevant internal communications—it is not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) and is objected to accordingly.

**Request for Production No. 41:**
All documents that support the allegations in Paragraph 12(b) of Plaintiff's Complaint.

**Answer:**
Dmitriy Kichin objects to this request as duplicative and cumulative of prior discovery requests, including but not limited to Requests Nos. 1, 10, and 14, in violation of Fed. R. Civ. P. 26(b)(2)(C). The subject matter of Paragraph 12(b)—concerning Plaintiff's efforts to secure financing for his capital contribution—has already been addressed in previous responses and productions.

Subject to and without waiving these objections, Dmitriy Kichin will produce non-privileged, responsive documents in his possession, custody, or control that support the allegations in Paragraph 12(b) of the Complaint, including documents related to the HELOC and the loan from his brother.

**Request for Production No. 42:**
Any and all documents related to your involvement and compensation from Astute Subprime Consulting.

**Answer:**
Dmitriy Kichin objects to this request on the grounds that it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1). Plaintiff's involvement with and compensation from Astute Subprime Consulting is unrelated to the alleged oral partnership agreement with Defendants, the claims asserted in the Complaint, or any defenses raised.

The request also appears intended to explore Plaintiff's financial condition or professional background in a manner that is harassing or speculative, rather than tailored to the actual issues in dispute. Accordingly, no documents will be produced in response to this request.

/s/Kadochnikov

Dated: May 6, 2025