

Laura D. Ruccolo
856.914.2084
lruccolo@capehart.com

February 9, 2026

Honorable Mathew J. Skahill, U.S.M.J.
United States District Court, District of New Jersey Camden
Mitchell H. Cohen Building & U.S. Cthse.
4th & Cooper Sts.
Camden, NJ 08101

Re:    C.W. Clarke ads. Kichin, Dmitriy
       Our File No.  10413-67258.e
       Docket No.  1:24-cv-10545-ESK-MJS

Dear Judge Skahill:

I write with regard to a discovery dispute that has arisen regarding the form of subpoena Plaintiff seeks to serve on Eastern Tax Services, Inc.  In this case, Plaintiff who was W2 employee from November 2022 – April, 2023 claims that Defendant, Jim Scott breached an alleged contract to sell him 50% of the shares in Defendant CW Clarke Associates, Inc. for $500,000 in November, 2022.   There is no dispute that Plaintiff never paid the $500,000 and never had liquidated assets in the amount of $500,000.00. There is also no dispute that Plaintiff never had any access to C.W. Clark Associates, Inc. confidential financial records.

As the Court may recall, in discovery Defendant previously produced to Plaintiff and mark "Confidential -Attorney's Eye's Only" 457 pages of financial records including payroll records and tax returns from 2021-2024.  Plaintiff opposed the designation and the court determined that the records were properly designated.

Last week Plaintiff's counsel forwarded the attached Notice of Subpoena to Eastern Tax Services Inc.  Although there is no address included in the subpoena for Eastern Tax Services Inc., it is located in Laurel Springs, New Jersey.  The subpoena requires the response to be made to Plaintiff's counsel's office in Kew Gardens, New York which is over 100 miles away and not compliant with Fed.R.Civ.P. 45.

Moreover, the subpoena which consists of nine pages of requests and instructions itself is overly broad and unduly burdensome. It seeks every possible financial document for CW Clark & Associates Inc. that the accounting firm reviewed or used in preparing the financial documents.  There is no dispute that the tax returns and financial statement turned over by Defendant are accurate.  The documents sought are not proportionate to the needs of this case. There is no reason why Plaintiff would need this level of disclosure of financial records.

Paragraph 1  seeks all documents that are related to payroll from 2021-2023.  Such documents are beyond the scope of the claims and would not support the claims or defenses in this case. There calculation of all employees payroll has nothing to do with the issues in this case.

February 9, 2026
Page 2

Paragraph 3 is seeking every single financial document that could have been considered by the accountant in preparing the tax returns. There is no suggestion that these tax returns are fraudulent. This request is not proportionate to the needs of the case.

Paragraph 4 similarly seeks every single financial document that could have been considered in the preparation of the profit and loss statements. There is no suggestion that these tax returns are fraudulent. This request is not proportionate to the needs of the case.

Paragraph 5 seeks all documents used to calculate payroll. This request is not proportionate to the needs of the case.

Defendant voluntarily turned over tax returns even though they are routinely protected from discovery at all. Plaintiff has no good cause to seek additional highly confidential financial records. While Defendant produced its tax returns in this case, a party seeking production must satisfy the Court that it has a compelling need for the returns, and that they are not otherwise readily obtainable. Wiggins v. Clementon Police Dept., 2009 U.S. Dist. LEXIS 66955, 2009 WL 2382240, *3 (DNJ July 30, 2009) The Third Circuit recognizes the public policy favoring non-disclosure of income tax returns as confidential communications between a taxpayer and the government. DeMasi v. Weiss, 699 F.2d 114, 120 (3d Cir. 1982); Thompson v. Real Estate Mortg. Network, Civil Action No. 11-1494 (KM), 2015 U.S. Dist. LEXIS 199771, at *3 (D.N.J. Nov. 30, 2015) While tax returns do not enjoy an absolute privilege from discovery, a public policy against unnecessary public disclosures arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." (quoting TeleRadio Systems Ltd. v. De Forest Elecs., Inc., 92 F.R.D. 371, 375 (DNJ 1981)); Schneck v. Int'l Business Machines, 1993 U.S. Dist. LEXIS 21576, 1993 WL 765638, *8 (D.N.J. July 27, 1993) (citing United States v. Bonanno Organized Crime Family, 119 F.R.D. 625, 627 (SDNY 1988)) Courts have often acknowledged that tax returns are worthy of the "Attorney's Eyes Only" designation. See, Thompson v. Real Estate Mortg. Network, Civil Action No. 11-1494 (KM), 2015 U.S. Dist. LEXIS 199771 (D.N.J. Nov. 30, 2015) In re Mercedes-Benz Tr. Litig., No. 99-3121 (WHW), 2005 U.S. Dist. LEXIS 56626 (D.N.J. Mar. 10, 2005)

In communications with Plaintiff's counsel, no reason was articulated to support this level of invasion into Defendant's financial records for the time period sought. Plaintiff's counsel had agreed not to serve the subpoena until after the court considers the issue. Accordingly, Defendant asks that the Court instruct Plaintiff's counsel that the subpoena should not be served or permit Defendant the opportunity to file a formal motion to quash the subpoena.

Respectfully submitted,
CAPEHART & SCATCHARD, P.A.

*Laura D. Ruccolo*
Laura D. Ruccolo

LDR/ldr
15656144

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION
-----------------------------------------------------------------------X
DMITRIY KICHIN

        Plaintiffs,

  -against-

C.W. CLARKE ASSOCIATES, INC.

JAMES SCOTT

        Defendants,

-----------------------------------------------------------------------X

Case No. 1:24-cv-10545-ESK-MJS

**NOTICE OF SUBPOENA**

TO:    Lauro D. Ruccolo
        Attorney for Defendant
        8000 Midatlantic Dr, Suite 300S
        PO Box 5016
        Mount Laurel, NJ 08054

     **PLEASE TAKE NOTICE** that the undersigned counsel gives notice of its intention to

issue a Subpoena to produce documents, information, or objects pursuant to Federal Rule of

Civil Procedure 45, a true and correct copy of which is attached, commanding the production of

documents and things described therein. Said Subpoena will be served upon the following non-

party on or after February 6, 2026:

     Eastern Tax Service, Inc.

     In accordance with the Subpoena, Plaintiff will command that EASTERN

TAX SERVICE, INC. produce records two weeks after the date of service at 9:30 a.m

at the offices of Gill & Kadochnikov P.C., 80-02 Kew Gardens Road, Suite 600, Kew

Gardens, NY 11415.

Dated: February 3, 2026       GILL & KADOCHNIKOV P.C.


                  By: /s/Alexander Kadochnikov
                  Alexander Kadochnikov, Esq.

`

Akadochnikov@sbagk.com
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel: (718)577-3261
Fax: (718)744-2455
*Attorneys for Plaintiff, Dmitriy Kichin*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record via e-mail on February 3, 2026.


Dated: February 3, 2026                    /s/Alexander Kadochnikov
                                           Alexander Kadochnikov

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | |
|---|---|
| DMITRIY KICHIN | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:24-cv-10545-ESK-MJS |
| C.W. CLARKE ASSOCIATES, INC. | ) |
| JAMES SCOTT | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          EASTERN TAX SERVICE, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED ADDENDUM

| Place: 80-02 KEW GARDENS ROAD, SUITE 600 KEW GARDENS, NY 11415 | Date and Time:  03/04/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/03/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Kadov* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Dmitriy Kichin
, who issues or requests this subpoena, are:

Alexander Kadochnikov, 8002 Kew Gardens Road, Suite 600, Kew Gardens NY 11415, akadochnikov@gkfirm.law

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-10545-ESK-MJS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

-------------------------------------------------------------------------X

DMITRIY KICHIN

        Plaintiffs,

Case No. 1:24-cv-10545-ESK-MJS

  -against-

C.W. CLARKE ASSOCIATES, INC.

JAMES SCOTT

        Defendants,

-------------------------------------------------------------------------X

## <u>REQUESTED DOCUMENTS</u>

1. Produce all documents, ESI, communications, correspondence, data files, spreadsheets, reports, uploads, exports, summaries, instructions, or other materials that were received by YOU from DEFENDANTS or any person acting on their behalf with the exceptions of DEFENDANTS' attorneys, and used, reviewed, relied upon, or considered by YOU in calculating, preparing, processing, or reporting payroll for C.W. Clarke Associates, Inc., from November 2022, to June 2023. **For the avoidance of doubt, this Request seeks the underlying source data and communications received by YOU, not merely the final payroll outputs or tax filings prepared by YOU.**

2. Produce all documents, ESI, communications, correspondence, data files, spreadsheets, worksheets, calculations, instructions, formulas, assumptions, source data, and supporting materials that were used, reviewed, relied upon, or considered by YOU in determining, calculating, or verifying the commission amounts reflected on the Weekly Pay documents bearing Bates numbers:

    a. DSuppl000489
    b. DSuppl000495
    c. DSuppl000500
    d. DSuppl000508
    e. DSuppl000509

attached hereto as **Exhibit 1**.

**For the avoidance of doubt, this Request seeks the data and methodology used to determine the commission values, not merely the final weekly pay documents themselves, which have already been produced.**

3. Produce all documents, communications and ESI that were used, reviewed, relied upon, or considered by YOU in the preparation, completion, or filing of the Federal and State tax returns of C.W. Clarke Associates, Inc. for the tax years 2021, 2022, 2023, and 2024.

This Request includes, but is not limited to:
   a. All QuickBooks files, including but not limited to native QuickBooks company files (.QBW), backup files (.QBB), portable files (.QBM), audit logs, and any hosted or cloud-based QuickBooks data maintained for C.W. Clarke Associates, Inc.;
   b. All general ledgers, trial balances, journals, and chart-of-accounts records used to prepare the tax returns;
   c. All bank transaction data, reconciliations, or imports used to populate or reconcile accounting records reflected on the tax returns;
   d. All payroll summaries, payroll reports, and compensation data used in preparing wage, deduction, or expense figures reported on the tax returns;
   e. All spreadsheets, worksheets, schedules, or working papers created by YOU or received by YOU from Defendants that were used to calculate, adjust, or verify figures reported on the tax returns;
   f. All communications, emails, memoranda, or instructions received from Defendants or their agents with the exclusion of any of Defendants' attorneys, relating to income, expenses, deductions, compensation, adjustments, or classifications reflected on the tax returns;
   g. All documents reflecting revisions, corrections, amended figures, or post-filing adjustments relating to the tax returns.

**For the avoidance of doubt, this Request seeks the underlying accounting data and source materials used to prepare the tax returns, not merely copies of the tax returns themselves.**

4. Produce all documents, communications, and ESI that were used, reviewed, relied upon, or considered by YOU in the preparation, generation, or verification of Profit and Loss statements for C.W. Clarke Associates, Inc. for the calendar years 2021, 2022, and 2023.

This Request includes, but is not limited to:

   a. All QuickBooks files used in preparing the Profit and Loss statements, including native QuickBooks company files (.QBW), backup files (.QBB), portable files (.QBM), audit logs, and any hosted or cloud-based QuickBooks data;

b. All general ledgers, trial balances, journal entries, and chart-of-accounts records underlying the Profit and Loss statements for the relevant years;

c. All bank transaction data, reconciliations, imports, or feeds used to populate or reconcile income and expense accounts reflected on the Profit and Loss statements;

d. All payroll summaries, payroll reports, compensation data, or labor cost allocations used to calculate expense figures appearing on the Profit and Loss statements;

e. All spreadsheets, worksheets, schedules, or working papers created by YOU or received by YOU from Defendants that were used to calculate, adjust, classify, or verify income, expenses, or net profit figures;

f. All communications, emails, memoranda, or instructions received from C.W. Clarke Associates, Inc., James Scott, or any agent or employee thereof with the exclusion of Defendants attorneys, relating to the classification, treatment, inclusion, or exclusion of income or expenses reflected on the Profit and Loss statements;

g. All documents reflecting revisions, adjustments, reclassifications, or corrections made to Profit and Loss figures, whether before or after issuance of the statements.

For the avoidance of doubt, this Request seeks the underlying accounting data and source materials used to prepare the Profit and Loss statements, not merely copies of the Profit and Loss statements themselves.

5. All documents, communications and ESI utilized by **YOU** for calculating the payroll on behalf of **DEFENDANTS** from January 2021 until Present.

## DEFINITIONS

1. "Action" means the above-captioned litigation.
2. "You" or "your" refers to EASTERN TAX SERVICES, INC., and includes any of EASTERN TAX SERVICES, INC.'s present and former employees, partners, associates, agents, attorneys, accountants, affiliates, or representatives.
3. "Correspondence" means any letter, memorandum or other writing.
4. "Concerning." The term "concerning" means relating to, referring to,

describing, evidencing or constituting.

5. "Communication" The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise)

6. "Document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any drafts, revisions and computer readable materials. "Document" shall also mean electronic mail, tapes, disks, diskettes, backup data, data cells, tape back-ups, drums, printouts, and all other data compilations from which information can be obtained (translated, if necessary, by you through detection devices into usable form).

7. "Electronically Stored Information" or "ESI" includes, but is not limited to e-mails and attachments, voice mail, instant messaging or other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices and network access information and backup materials, Native Files and the corresponding Metadata which is ordinarily maintained.

8. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

10. "Load File(s)" means a file that relates to a set of scanned or electronic images or electronically processed files that indicate where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load File may also contain data relevant to the individual

documents or ESI, such as Metadata, coded data, text, and the like.

11. "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, sent, received or otherwise manipulated by a user of such system. Metadata is a subset of ESI

12. "Native File(s)" means ESI in the electronic format of the application in which such ESI was created, viewed and/or modified. Native Files are a subset of ESI

13. "Person" The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. "Relating to" and "relates to" or "evidencing" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

15. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard litigation support software. The most common forms of Static Images used in litigation are ESI provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF). If Load Files were created in the process of converting Native Files to Static Images, or if Load Files may be created without undue burden or cost, Load Files are typically produced together with Static Images.

16. "State", "describe," "set forth" or "specify in detail" means to answer the question, identifying all persons involved therein or having knowledge thereof, identifying any documents which form the basis of your knowledge or belief, indicating upon what basis other

17. "All/Any/Each." The terms "all," "any," and "each" shall each be construed as encompassing any and all.

18. "And/Or". The connectives "and" and "or" shall be construed either

disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. The use of one gender includes all others, appropriate in the context.

### PARTICULAR DEFINITIONS

1. "PLAINTIFF" refers to DMITRIY KICHIN.
2. "C.W. CLARKE" refers to Defendant, C.W. CLARKE ASSOCIATES, INC.
3. "JAMES" or "MR. SCOTT" refers to Defendant, JAMES SCOTT.
4. "DEFENDANTS" refers to C.W. ASSOCIATES, INC. and JAMES SCOTT, collectively.
5. "EXHIBIT P-4" shall refer to the C.W. Clarke Auto Center Weekly Pay bates number DSuppl000483-DSuppl000509.
6. "FEDERAL & STATE TAX RETURNS" shall refer to the Federal and State Tax Returns for CW Clarke Associates Inc bates number DSuppl000001- DSuppl000158, previously provided by DEFENDANTS in Response to Second Production.

### INSTRUCTIONS

A. The relevant time period of these requests is from January 2021 to Present and shall include all documents which relate or refer to this period, even though prepared before or subsequent to that period.

B. The Requests seek all Documents available to You or in Your possession, custody, or control from any source, wherever situated, including, without limitation, information from any members, employees, or agents.

C. Should any Document that would otherwise be responsive to these Requests be presently unavailable, and/or no longer in Your possession, custody, or control, please Identify each such Document and state whether each such Document is (a) missing or lost, (b) destroyed,(c) transferred to another person or entity, voluntarily or involuntarily or ( d) otherwise disposed of. In each instance, explain the circumstances surrounding any authorization for such disposition, including the date of such disposition, the Person responsible for such disposition, the identity of the Person, if any, to whom the Document was transferred and the policy, practice, procedure, rule, order, guideline, or other authority by, under, or pursuant to which such disposition was made.

D. Documents shall be produced with all exhibits, attachments, or amendments

thereto and all drafts or versions of a documents (include those with handwritten notes) shall be produced in addition to the final Document.

E. If you object to furnishing any information requested document on the ground of privilege, immunity, work product or otherwise, please provide a written statement in which you identify the specific ground on which your objection is based, and the document objected to by furnishing its date, author, recipient, a general description of the subject matter of the document and the reason why the document is protected.

F. Notwithstanding your objection, you must disclose any objected-to evidence containing non- objectionable matter which is relevant and material to the discovery requests, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above requested identification.

G. You must identify, by category or type, the sources containing any potentially responsive electronically stored information that You are neither searching nor producing. You must further specify the reason why You are neither searching such sources nor producing such information. If a refusal to answer is based on grounds that the Request is overly burdensome, identify the amount and nature of the Documents or things needed to be searched.

H. If you later discover responsive documents, you are obligated to supplement your responses.

I. All documents are to be produced as electronic files in their native formats, unless otherwise specified. For example a PDF file is to be produced as a PDF, a .doc files is to be produced as a .doc file.

J. All electronic files are to be produced as kept in the ordinary course of business. Responding party shall not remove metadata from any file prior to production.

K. If documents, ESI or things responsive to these Requests, such as Metadata, Native Files, Load Files, computer disks or tapes, are not in a reasonably usable format that can be read by commercially available and reasonably accessible software that is not an undue burden to procure, please translate or convert it into a usable format, indicating the Native File format in Your response to these

Requests. In converting ESI from its Native File format, please convert the ESI, including any Metadata to a tagged image file, ".tif' or ".tiff'; portable document format, ".pdf'; or Static Image.

L.  Each Request contemplates production of the document or ESI in its entirety, without abbreviations, deletions, redactions or segregation or exclusion of Metadata or Load Files. If a portion of an otherwise responsive document or ESI contains information subject to a claim of privilege, any such portion of the document may be deleted or redacted but the rest of the document or ESI shall be produced. If any portion of an otherwise responsive document or ESI is deleted or redacted, those portions are to be described in the list of privileged information, setting forth the basis on which any privilege or other ground for non production is claimed

M.  In producing the documents and ESI, You are requested to furnish all documents and ESI known or available to You regardless of whether such documents or ESI are possessed directly by, or are in custody or control of You or Your officers, directors, agents, employees, representatives, consultants, or investigators, or Your attorneys or their agents, employees, representative or investigators.

N.  If You seek to comply with a demand to produce a document by producing photocopies of the original documents as they are kept in the usual course of business, please staple, clip or otherwise bind the copies in the same manner as the originals, and please produce them in file folders or bundles which include photocopies of the labels or other markings on the outside of the file folders in which the original documents are kept. Otherwise, photocopies of the documents should be organized and labeled to correspond with the categories in these requests. Originals of the documents produced should be brought with You to Your deposition for inspection by Defendants' counsel.

O.  If You seek to comply with a demand to produce ESI by producing copies of the original ESI in its Native Format and as kept in the usual course of business, please organize the ESI in the same manner as the Native Files are kept or accessed, including each folder and subfolder as the Native Files are mapped

and stored by You on Your ESI storage device and indicate the type of device from which the ESI is copied. Otherwise, copies of the ESI in its Native Format should be organized and labeled in folders that correspond to the categories in this these Requests.

P.  In searching for responsive documents, responding party shall use the following search terms: **C.W. CLARKE ASSOCIATES, INC, JAMES SCOTT, DMITRIY KICHIN,** any part of subdivision thereto, and any and all property addresses contained in the Complaint.

Q.  For the purposes of these Requests, please adhere to all requirements of the Federal Rules of Civil Procedure and such additional instructions as are set forth herein.

R.  When producing documents or Static Images, You are instructed to produce Bates-stamped documents clearly segregating and marking the source of each production.

S.  All documents or ESI produced in response to any category' labeled "communications" shall be organized and labeled to correspond with those categories.

T.  Documents and ESI are to be produced in full and unexpurgated form, including any and all copies of documents or ESI that bear any notations, marks, comments, "track changes" or other annotations not existing in the original.

U.  These Requests require the production of all documents and ESI to the full extent authorized by the Civil Practice Law and Rules and is continuing in nature so as to require further and supplemental production if additional responsive information is discovered, received or generated between the time of original production and the time of trial.

V.  To the extent that You interpose a claim of privilege or work-product protection with respect to any document or ESI, You are required to submit a privilege log, containing, at a minimum for each such document or ESI, the Bates stamp number(s) of the document or ESI, the date of the document or ESI, the author of the document or ESI, to whom the document or ESI was addressed, the number of pages of a document, a general description of the subject matter of

the document or ESI, the regular custodian of the document or ESI and the nature of the privilege or protection asserted.

W. These Requested should be read reasonably, in recognition that Defendants' counsel is only able to identify the documents or ESI being sought with reasonable particularity and generally does have specific knowledge of the identity of those documents or ESL.

X. These Requests shall be deemed to be continuing, and if Documents requested in these Requests are obtained between the time the answers are made and the time of trial, supplemental or amended answers and production of those Documents must be made at the earliest practical date.

Dated: February 3, 2026
    Kew Gardens, New York          GILL & KADOCHNIKOV, P.C.

                                        By: /s/Alexander Kadochnikov
                                        Alexander Kadochnikov, Esq.
                                        80-02 Kew Gardens Road, Suite 600
                                        Kew Gardens, New York 11415
                                        akadochnikov@GKFirm.Law
                                        Tel: (718)577-3261
                                        *Attorneys for Plaintiff, Dmitriy Kichin*

# EXHIBIT 1

# C. W. CLARKE AUTO CENTERS

1430 Route 130 Gloucester, NJ 08030
856-742-1800  Email: cwclarke.joe@verizon.net

## WEEKLY PAY

Date _1/10/23_                SALESPERSON _DMITRY KICHIN_

| Customer Name | Car Sold | Gross | Commission |
|---|---|---|---|
| BONUS JANUARY 23 | | $ | $ 17,807.20 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | TOTALS | $ | $ |

TOTAL PAY  $ 17,807.20

DSuppl000489

# C. W. CLARKE AUTO CENTERS

1430 Route 130 Gloucester, NJ 08030
856-742-1800 Email: cwclarke.joe@verizon.net

## WEEKLY PAY

Date  2/13/23                  SALESPERSON  _Dmitry Kichan_

| Customer Name | Car Sold | Gross | Commission |
|---|---|---|---|
| BONUS | | $ | $ 13,130.25 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | TOTALS | $ | $ |

TOTAL PAY  $ 13,130.25

# C. W. CLARKE AUTO CENTERS

1430 Route 130 Gloucester, NJ 08030
856-742-1800  Email: cwclarke.joe@verizon.net

## WEEKLY PAY

Date _3/14/23_                      SALESPERSON _Dmitry Kichin_

| Customer Name | Car Sold | Gross | Commission |
|---|---|---|---|
| FEB BONUS | | $ | $ 13,251.87 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | TOTALS | $ | $ |

TOTAL PAY  $ _13,251.87_

DSuppl000500

# C. W. CLARKE AUTO CENTERS

1430 Route 130 Gloucester, NJ 08030
856-742-1800  Email: cwclarke.joe@verizon.net

## WEEKLY PAY

Date _4/28/23_                     SALESPERSON _DMITRIY KICHIN_

| Customer Name | Car Sold | Gross | Commission |
|---|---|---|---|
| DRAW | | $ | $ 600. |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | | $ |
| | | $ | $ |
| | | $ | $ |
| | TOTALS | $ | $ 600 |

TOTAL PAY  $  _600_

DSuppl000508

# C. W. CLARKE AUTO CENTERS

1430 Route 130 Gloucester, NJ 08030
856-742-1800   Email: cwclarke.joe@verizon.net

## WEEKLY PAY

Date _5/26/23_                    SALESPERSON _OMITRIY KICHIN_

| Customer Name | Car Sold | Gross | Commission |
|---|---|---|---|
| Bonus | | $ | $ 95,265.04 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | | $ |
| | | $ | $ |
| | | $ | $ |
| | TOTALS | $ | $ 5,265.04 |

TOTAL PAY   $ _5,265.04_