SBA GK

SHIRYAK, BOWMAN ANDERSON, GILL & KADOCHNIKOV LLP

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

February 12, 2026

Honorable Matthew J. Skahill
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Sts
Camden, NJ 08101

**Re: Kichin v. C.W. Clarke Associates, et al.**
*Docket No. 1:24-cv-10545-ESK-MJS*
**Plaintiff's Opposition to Defendants' Discovery Letter (ECF No. 43)**

I represent the Plaintiff in the above-referenced matter.

## I. The 100–Mile Rule Does Not Provide Defendants Standing to Quash

Defendants first argue that the subpoena violates the 100-mile rule under Rule 45(c). That argument fails for two independent reasons.

A. Defendants Lack Standing to Assert Rule 45(c) Objections

It is well-established in this Circuit that a party lacks standing to challenge a subpoena issued to a third party unless the party claims a personal right or privilege in the documents sought. See Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001) (party lacks standing to move to quash subpoena issued to non-party absent claim of privilege or personal right).

The 100-mile limitation is a protection for the subpoenaed non-party — not for the defendant. The accountant has not moved to quash. Defendants therefore lack standing to assert geographic objections. Defendants do not assert any personal privilege or proprietary interest in the documents sought, and therefore lack standing to object to compliance with Rule 45(c).

B. The Subpoena Complies with Rule 45(c) in Any Event

Even if Defendants had standing (they do not), the subpoena complies with Rule 45(c). As

SBA GK
SHIRYAK, BOWMAN ANDERSON, GILL & KADOCHNIKOV LLP

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

reflected in the attached Google Earth measurement, the distance between Plaintiff's counsel's office and the accountant's office is approximately 86 miles—well within the 100-mile limit prescribed by Rule 45(c)(2)(A).

Accordingly, geographic objection fails factually and legally.

## II. The Subpoena Is Narrowly Tailored and Proportional to the Needs of the Case

Defendants argue the subpoena is "overly broad" and "unduly burdensome" because it seeks documents underlying payroll, tax returns, and profit-and-loss statements.

This mischaracterizes both the requests and the record.

### A. The Requests Directly Relate to Core Damages Issues

Plaintiff's damages turn on revenue, payroll, commissions, and financial performance of CW Clarke & Associates. Plaintiff's commission claims are calculated as a percentage of company revenue and payroll allocations; thus, the accuracy and composition of those figures are central to liability and damages. Defendants have produced: tax returns, financial statements, and profit-and-loss statements. But they now seek to shield the underlying documents used to generate those figures. That is improper.

Courts in the Third Circuit routinely hold that where financial documents form the basis of damages calculations, the underlying data is discoverable. See UPMC v. CBIZ, Inc., No. 3:16-CV-204, 2017 WL 4129654, at *6 (W.D. Pa. Sept. 15, 2017) ("And contrary to plaintiffs' arguments, defendants may discover the underlying financial records showing the amounts [defendants] paid"); APG-Int'l, Inc. v. MERO-TSK GmbH & Co. KG, No. CV 08-6028-JEI-

SBA GK

SHIRYAK, BOWMAN ANDERSON, GILL & KADOCHNIKOV LLP

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

KMW, 2012 WL 13018967, at *3 (D.N.J. Jan. 12, 2012) (Court compelled defendant to produce documentations used to generate profit and loss statement)

## III. James Scott's Deposition Testimony Establishes Relevance and Necessity

The subpoena is not speculative. It is based directly on sworn testimony.

A. Payroll

Mr. Scott testified that the accountant prepares payroll based on "sheets" that are sent to him by Mr. Scott. (Tr. 101-102) Yet elsewhere in the deposition Mr. Scott testified inconsistently that he never saw the sheets:

"Q: You've never seen any of those pages before in C.W. Clarke?

A: That's correct"

(Tr. 86-88:10-12)

This inconsistency alone justifies production of the underlying payroll submissions to test the reliability of Defendants' financial representations and Mr. Scott's testimony.

B. Profit and Loss Statements

Mr. Scott testified that the accountant gets all the bills: "I mean he gets all the bills." (Tr. 62:9-13). Thus, by Mr. Scott's own admission, the accountant maintains the bills and backup used to prepare P&L statements. If the accountant "gets all the bills," those bills are the factual foundation of the financial statements Defendants rely upon. The underlying transactional data is plainly relevant.

C. Tax Returns

Defendants argue the tax returns are "accurate" and therefore underlying data is

SBA GK

SHIRYAK, BOWMAN ANDERSON, GILL & KADOCHNIKOV LLP

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

unnecessary. However, accuracy is not established by assertion. Moreover, Mr. Scott testified that he did not recognize certain tax returns of CW Clarke when shown them. (Tr.72-74) Where a corporate principal cannot identify or authenticate tax returns, the documents used to prepare them become directly relevant.

Plaintiff cannot calculate damages without knowing:

- what revenue figures were used,
- what payroll was deducted,
- what expenses were claimed,
- and what underlying documentation supports those numbers.

## IV. Proportionality Under Rule 26(b)(1) Favors Production

Under Rule 26(b)(1), discovery must be proportional considering: importance of the issues, amount in controversy, parties' relative access to information, and importance of discovery in resolving issues.

Here Defendants exclusively control the financial inputs. The accountant is the neutral repository of those inputs. The information goes to the core of damages. Mr. Scott's testimony creates credibility and authentication issues.

There is no alternative source. Defendants cannot use financial summaries as both sword and shield—relying on them to dispute damages while preventing inquiry into how those figures were derived. See Stabilus, A Div. of Fichtel & Sachs Indus., Inc. v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) ("[S]cope of relevance in discovery is far broader than that allowed for evidentiary purposes…")




Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

## V. The Subpoena Is Not Unduly Burdensome

The subpoena seeks documents used to prepare payroll, used to prepare tax returns, and to prepare profit and loss statements. It does not request "every possible financial document." It requests only what the accountant actually relied upon. That is a narrow, targeted category.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to quash and permit the subpoena to proceed.

Sincerely,

/s/Kadochnikov

Alexander Kadochnikov, Esq.