

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

February 20, 2026

Honorable Matthew J. Skahill
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Sts
Camden, NJ 08101

**Re:    Kichin v. C.W. Clarke Associates, et al.**
*Docket No. 1:24-cv-10545-ESK-MJS*
**Plaintiff's request to compel disclosure of individuals who produced records**

Your Honor,

I represent Plaintiff in the above-referenced matter. Pursuant to Local Civil Rule 37.1 and

the Court's Scheduling Plaintiff respectfully seeks relief concerning Defendants' refusal to

disclose the identity of individuals involved in the collection and transmission of documents

produced in this action.

**Background**

During the December 10, 2025 deposition of Defendant James W. Scott, Plaintiff asked

the defendant who transmitted the bank records to Defendants' attorney. (**Exhibit 1,** pp. 106 –

108; 107:13-19) Defense counsel objected and instructed the witness not to answer, asserting that

the identity of the person who provided documents to counsel constituted a privileged

"communication."

Plaintiff thereafter served post-EBT interrogatories seeking factual identification of: (1)

persons who participated in searching for, collecting, reviewing, selecting, or producing

documents or ESI (Interrogatory No. 16); (2) persons instructed to search for responsive materials

(Interrogatory No. 17); and (3) the individual who transmitted, delivered, uploaded, or otherwise



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

provided the documents marked as Defendant Scott's Deposition Exhibit P-4 (Interrogatory No. 19). (**Exhibit 2**)

On February 4, 2026, I wrote a good faith letter to the Defendants counsel. (**Exhibit 3**) On February 16, 2026, Defendants counsel responded. (**Exhibit 4**) The parties conducted a meet-and-confer on February 18, 2026. Defendants' position appears to be that either (1) the identity of the document transmitter is privileged, or (2) it is irrelevant.

**Argument**

**I. Identity of Document Transmitters Is Not Privileged**

The attorney-client privilege protects confidential communications made for the purpose of obtaining legal advice. It does not protect underlying facts. Upjohn Co. v. United States, 449 U.S. 383, 396, 101 S. Ct. 677, 686, 66 L. Ed. 2d 584 (1981)

Plaintiff does not seek the content of communications between counsel and client, nor counsel's mental impressions. Plaintiff seeks only the identity of individuals who: (1) gathered documents; (2) transmitted documents; or (3) participated in the document production process.

The fact that a document was provided to counsel, and by whom, is a factual matter, not a privileged communication.

**II. The Information Is Relevant to Discovery Compliance**

Defendants also contend the issue is irrelevant. It is relevant. The identity of individuals who gathered or transmitted documents is directly relevant to completeness of production, identification of custodians, scope of search, potential omissions, and overall compliance with discovery obligations.



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

The inquiry goes to the mechanics of production, not legal advice.

Plaintiff respectfully requests that the Court direct Defendants to: (1) identify the person or persons who transmitted, delivered, uploaded, or otherwise provided the bank records to defense counsel; (2) respond fully to Interrogatories 16 and 17 concerning the document collection process; and (3) Confirm the custodians and sources searched for responsive documents. Thank you for the Court's attention to this matter.

Sincerely,

/s/Kadochnikov

_____
Alexander Kadochnikov,  Esq.