UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION
------------------------------------------------------------------------X
DMITRIY KICHIN

       Plaintiffs,

  -against-

C.W. CLARKE ASSOCIATES, INC.

JAMES SCOTT

       Defendants,

------------------------------------------------------------------------X

Case No. 1:24-cv-10545-ESK-MJS

**PLAINTIFF'S SECOND SET OF REQUEST FOR INTERROGATORIES**

Pursuant to FRCP 33, Plaintiff, DMITRIY KICHIN, requests for Defendants, C.W. CLARKE ASSOCIATES, INC. and JAMES SCOTT (collectively referred to as "Defendants") to answer the following interrogatories fully and separately, in writing, under oath, within thirty (30) days of service and produce such answers at the office of Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, located at 80-02 Kew Gardens Road, Suite 600, Kew Gardens, NY 11415:

## DEFINITIONS:

1. "You" and "your" refer to C.W. CLARKE ASSOCIATES, INC. and/or JAMES SCOTT and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on its behalf.

2. "Correspondence" means any letter, email, text message, memorandum or other writing.

3. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4. "Communication" The term "communication" means any correspondence, memorandum, email, text message or verbal exchange in which there is the transmittal of information (in the form of facts, ideas, inquiries or otherwise)

5. "Document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any drafts, revisions and computer readable materials. "Document" shall also mean electronic mail, tapes, disks, diskettes, data cells, tape back-ups, drums, printouts, and all other data compilations from which information can be obtained (translated, if necessary, by you through detection devices into usable form).

6. "Electronically Stored Information" or "ESI" includes, but is not limited to e-mails and attachments, voice mail, instant messaging or other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices and network access information and backup materials, Native Files and the corresponding Metadata which is ordinarily maintained.

7. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9. "Load File(s)" means a file that relates to a set of scanned or electronic images or electronically processed files that indicate where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load File may also contain data relevant to the individual documents or ESI, such as Metadata, coded data, text, and the like.

10. "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, sent, received or otherwise manipulated by a user of such system. Metadata is a subset of ESI

11. "Native File(s)" means ESI in the electronic format of the application in which such ESI was created, viewed and/or modified. Native Files are a subset of ESI

12. "Person" The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "Relating to" and "relates to" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

14. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard litigation support software. The most common forms of Static Images used in litigation are ESI provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF). If Load Files were created in the process of converting Native Files to Static Images, or if Load Files may be created without undue burden or cost, Load Files are typically produced together with Static Images.

15. "State", "describe," "set forth" or "specify in detail" means to answer the question, identifying all persons involved therein or having knowledge thereof, identifying any documents which form the basis of your knowledge or belief, indicating upon what basis other

16. "All/Any/Each." The terms "all," "any," and "each" shall each be construed as encompassing any and all.

17. "And/Or". The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. The use of one gender includes all others, appropriate in the context.

## PARTICULAR DEFINITIONS

1. "Plaintiff" refers to DMITRIY KICHIN.
2. "C.W. Clarke" refers to Defendant, C.W. CLARKE ASSOCIATES, INC.
3. "James" or "Mr. Scott" refers to Defendant, JAMES SCOTT.
4. "Defendants" refers to C.W. ASSOCIATES, INC. and JAMES SCOTT, collectively.
5. "CRM" refers to customer relations management software specifically designed for car dealerships through DealerSocket.
6. "IDMS" refers to the integrated dealer management system software designed to help dealers manage their vehicles, sales, customers, and payments through DealerSocket.
7. "DealerTrack" refers to the software used to help dealerships manage their business.

## INSTRUCTIONS

A. If you discover new information, you are obligated to supplement your responses to these interrogatories no later than 30 days after the discovery of the further information and in no event later than 15 days before the first day of trial.
B. If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based and identify the information objected to by furnishing its date, participants (e.g., names of speakers, authors, addressees) and a general description of the

nature, rather than the substance, of the purportedly privileged information. If the objected to information contains relevant non-objectionable matter, you should disclose it.
C. The relevant time period of these interrogatories is from November 2019 to present and shall include all information which relates or refers to this period, unless another time or period of time is specifically referred to in an interrogatory.
D. If you cannot furnish exact data, such as dates, period or amounts, supply estimated data to the extent possible and indicate that the data is estimated.

## INTERROGATORIES

16. Identify each person who participated in searching for, collecting, reviewing, selecting, or producing documents or ESI in response to Plaintiff's discovery requests in this action, including but not limited to officers, employees, agents, accountants, consultants, and third-party vendors. For each such person, state:
(a) full name;
(b) employer or affiliation;
(c) role in the discovery process; and
(d) the categories of documents or ESI for which the person was responsible.

**Answer:**

17. Identify each person whom Defendants instructed, requested, or authorized to search for documents or ESI responsive to Plaintiff's discovery demands. For each person identified, state:
(a) the date(s) the instruction or request was given;
(b) the method of instruction (oral, email, text, etc.); and
(c) the specific categories of documents or ESI the person was asked to search for.

**Answer:**

18. Describe in detail the process used by Defendants to collect and produce documents and ESI in this action, including:
(a) the sources searched (e.g., email accounts, computers, mobile devices, accounting systems, bank records, CRM systems);
(b) the time period searched; and
(c) any search terms, filters, or criteria used

**Answer:**

19. Identify the person who transmitted, delivered, uploaded, or otherwise provided the documents ultimately marked as Defendant James Scott's Deposition Exhibit P-4, including but not limited to any person who provided it to defense counsel for production.

    **Answer:**

Date: January 24, 2026
Kew Gardens, New York

/s/ Kadochnikov
_____

Alexander Kadochnikov, Esq.
**SHIRYAK, BOWMAN, ANDERSON GILL & KADOCHIKOV, LLP**
80-02 Kew Gardens Road, Suite 600
Kew Gardens, New York 11415
Tel: (718) 263-6800
akadochnikov@sgabk.com
*Attorneys for Plaintiff*