

Laura D. Ruccolo<br>
856.914.2084<br>
lruccolo@capehart.com

February 16, 2026

Alexander Kadochnikov, Esq.
80-02 Kew Gardens Rd
Kew Gardens, NY 11415

Re:  C.W. Clarke ads. Kichin, Dmitriy
     Our File No.  10413-67258.e
     Docket No.  1:24-cv-10545-ESK-MJS

Dear Mr. Kadochnikov:

    I have received your letter dated February 4, 2026 regarding the deposition of Mr. Kichin in his individual capacity. Your letter asserts that the Defendants refused to disclose the identity of the individuals who provided documents in response to Plaintiff's discovery demands.  Specifically, you point to the record of Mr. Scott's deposition in his individual capacity on December 10, 2025 ages 106-108.  Mr. Scott specifically testified that the bank printed out the bank records that you were discussing. Mr. Scott further testified that he did not know who picked up the documents from the bank.  Mr. Scott further testified that he thought the bank may have dropped the records off at CW Clark's place of business. Accordingly, you have the answer to the question your letter claims you are seeking.

    You then asked who communicated with my about the documents.  That question is properly objected to on the basis of privilege.   The following is the exchange that I believe you are referring to:

**MS. RUCCOLO:** First of all, he's not here as a C.W. Clarke rep, okay?
**MR. KADOCHNIKOV:** So you said before.
**MS. RUCCOLO:** Okay. And I'm going to say it again because we're going down that road again, and you're asking him communications between C.W. Clarke and their attorney. I'm instructing him not to answer that.
**MR. KADOCHNIKOV:** Okay. We'll figure it out later.

Notably, you did not explain that you were not asking Mr. Scott about communications with his attorney.  You said "Okay.  We'll figure it out later."

If your questions is how did I get the bank records that were turned over, you were not clear on that point. Moreover, I am not clear on what relevance to any claim or defense in this case.  Why does it matter if someone mailed the documents to me, or dropped them off at my office?

February 16, 2026
Page 2

  In terms of the recent discovery that you served, it will be responded to in accordance with the time provided under the court rules. However, I note the scope of the interrogatories far exceeds the questions raised at Mr. Scott's deposition.

  Please be guided accordingly.

        Very truly yours,

        CAPEHART & SCATCHARD, P.A.

        *Laura D. Ruccolo*

        Laura D. Ruccolo

LDR/ldr
15680967