

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

February 4, 2026

**VIA Email (lruccolo@capehart.com)**
**Laura D. Ruccolo**
8000 Midlantic Dr, Ste 300S
Post Office Box 5016
Mount Laurel, NJ 08054

**Re:    Kichin v. C.W. Clarke Associates, et al.**
*Docket No. 1:24-cv-10545-ESK-MJS*

Dear Ms. Ruccolo,

I write pursuant to Local Civil Rule 37.1(a)(1) and the Court's Scheduling Order to address Defendants' refusal to disclose the identity of the individual(s) who provided documents to Defendants' counsel in response to Plaintiff's discovery demands.

**Background**

During the deposition of James W. Scott on December 10, 2025, I asked a question regarding the identity of the individual who transmitted documents to defense counsel for production. You objected and instructed the witness not to answer on the ground that the identity of the document transmitter constituted a "communication" protected by the attorney-client privilege. (See Scott Dep. Tr. at 106-108.)

**The Objection Is Improper**

The identity of a person who transmitted documents to counsel is not protected by the attorney-client privilege. The privilege protects confidential communications made for the purpose of obtaining or providing legal advice—not underlying facts, custodianship, or the mechanics of document transmission. Upjohn Co. v. United States, 449 U.S. 383, 396, 101 S. Ct. 677, 686, 66 L. Ed. 2d 584 (1981) (The protection of the privilege extends only to communications and not to facts.)

As courts have repeatedly held , "[t]he central inquiry is whether the communication was made by a client to an attorney for the purpose of obtaining legal advice." SmithKline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 473 (E.D. Pa. 2005) quoting In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000)

Even in cases where written attorney work-product materials contain both factual material and attorney impressions, the underlying facts themselves remain discoverable Bogosian v. Gulf Oil Corp., 738 F.2d 587, 595 (3d Cir. 1984)

1



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq. ● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

Plaintiff is not seeking the content of attorney-client communications, legal advice, or counsel's mental impressions. Plaintiff seeks only the factual identity of individuals who possessed, gathered, or transmitted responsive documents—information squarely within the scope of Rule 26 and routinely discoverable.

Labeling the act of transmission itself as "a communication" does not convert a non-privileged fact into a privileged one.

**Post-EBT Interrogatories**

Consistent with the foregoing, Plaintiff's post-EBT interrogatories served on Defendants on January 28, 2026 seek identification of individuals involved in the collection, review, and production of documents in this action, including:

- persons who participated in searching for, collecting, reviewing, selecting, or producing documents or ESI (Interrogatory No. 16);
- persons whom Defendants instructed or authorized to search for responsive materials (Interrogatory No. 17); and
- the person or persons who transmitted, delivered, uploaded, or otherwise provided documents—including James Scott's Deposition Exhibit P-4—to defense counsel for production (Interrogatory No. 19).

These interrogatories seek factual information concerning the mechanics of Defendants' document production and do not seek the substance of any attorney-client communications.

To the extent Defendants maintain the position asserted at Mr. Scott's deposition—that the identity of individuals who provided documents to counsel is privileged—Plaintiff requests confirmation so that the issue may be presented to the Magistrate Judge for resolution.

Sincerely,

/s/Kadochnikov

_____
Alexander Kadochnikov, Esq.