

SHIRYAK, BOWMAN
ANDERSON, GILL &
KADOCHNIKOV LLP

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

July 1, 2026

Honorable Matthew J. Skahill
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Sts
Camden, NJ 08101

**Re:**   **Kichin v. C.W. Clarke Associates, et al.**
          *Docket No. 1:24-cv-10545-ESK-MJS*
          **Plaintiff's request to extend discovery**

Your Honor,

Plaintiff respectfully requests a limited extension of the fact discovery deadline pursuant

to Federal Rule of Civil Procedure 16(b)(4) for the sole purpose of completing the deposition of

Defendants' accountant, Anthony Bertolino. Plaintiff does not seek to modify any other deadlines

established by the Court, including the expert discovery schedule. The requested extension will

not prejudice Defendants or interfere with Defendants' pending motion for summary judgment.

Good cause exists for the requested relief.

Plaintiff diligently pursued the deposition of Mr. Bertolino before the close of fact

discovery. On June 3, 2026, Plaintiff's office contacted Mr. Bertolino to obtain his availability for

deposition. After advising that June 11 was too soon, Mr. Bertolino provided several alternative

dates, including June 25, 2026. Plaintiff thereafter coordinated the deposition with the witness and

served a subpoena scheduling the deposition for June 25, 2026.

On June 24, 2026, defense counsel advised that she had not received notice of the June 25

deposition and objected to the deposition proceeding. Plaintiff immediately acknowledged that

notice had not been provided, apologized for the oversight, and confirmed that the deposition

1



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

would not proceed without proper notice and Defendants' participation. Plaintiff further requested Defendants' consent to a brief extension of fact discovery solely to complete Mr. Bertolino's deposition. Defendants declined to consent to any extension Defendants declined to consent to any extension.

Following the cancellation of the June 25 deposition, Plaintiff continued coordinating directly with Mr. Bertolino regarding his availability. Mr. Bertolino has now agreed to appear remotely for deposition on **July 15, 2026**, and Plaintiff is prepared to complete the deposition on that date promptly upon the Court granting the requested extension.

The requested extension is limited in scope and supported by good cause. Plaintiff acknowledges that the June 25 deposition could not proceed because Plaintiff inadvertently failed to provide timely notice to defense counsel. Once the issue was brought to Plaintiff's attention, however, Plaintiff acted immediately to correct the error by cancelling the deposition, seeking Defendants' consent to a limited extension, and securing the witness's earliest available replacement date. The requested extension is therefore not the result of a lack of diligence, but rather a good-faith effort to complete a single remaining deposition that has already been scheduled.

Moreover, Mr. Bertolino's testimony is significant to the remaining discovery in this matter. As Defendants' accountant, he possesses information concerning the financial records and accounting issues that are expected to be addressed by the parties' experts. Completing his deposition before the completion of expert discovery will permit the experts to evaluate a complete factual record, avoid unnecessary supplemental expert analysis, and promote the



SHIRYAK, BOWMAN
ANDERSON, GILL &
KADOCHNIKOV LLP

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. ● Matthew J. Routh, Esq.● Nicholas Neocleous, Esq. ● Kimberly Wroblewski, Esq.

efficient completion of expert discovery. Plaintiff does not seek to extend the expert discovery deadlines, but rather to ensure that the expert process proceeds in an orderly and efficient manner.

Finally, the requested relief will not prejudice Defendants. The extension is limited to a single non-party deposition, will not delay resolution of Defendants' pending summary judgment motion, and will not otherwise disrupt the Court's Scheduling Order.

Accordingly, Plaintiff respectfully requests that the Court extend the fact discovery deadline through July 30, 2026, solely for the purpose of completing the deposition of Anthony Bertolino, and any post-deposition document production.

.

Sincerely,

/s/Kadochnikov

_____

Alexander Kadochnikov,  Esq.

3