

Laura D. Ruccolo
856.914.2084
lruccolo@capehart.com

July 8, 2026

Honorable Mathew J. Skahill, U.S.M.J.
United States District Court, District of New Jersey Camden
Mitchell H. Cohen Building & U.S. Cthse.
4th & Cooper Sts.
Camden, NJ 08101

Re:    C.W. Clarke ads. Kichin, Dmitriy
       Our File No.  10413-67258.e
       Docket No.  1:24-cv-10545-ESK-MJS

Dear Judge Skahill:

Please accept this letter on behalf of Defendants in opposition to Plaintiff's request for yet another extension of discovery.  Plaintiff asserts that an additional extension will not prejudice the Defendants or interfere with Defendant's ability to prepare and file the summary judgment motion by the August 14, 2026 deadline.  Defendants vociferously disagree.

Notably, this is not the first time that Plaintiff's counsel failed to comply with Fed.R.Civ.P. 45(a).  I learned during one of the case management conferences that Plaintiff served a document subpoena on Defendant's accountant and it was only after the Court directed Plaintiff's counsel to serve me with the subpoena that I received the a copy.

As of today, I still have not received a copy of the subpoena Plaintiff's counsel has admitted to serving on Mr. Bertolino. This conduct is a blatant violation of the Federal Rules of Civil Procedure. This is despite the fact that I have cooperated with Plaintiff's counsel to provide my availability and even agreed to allow Plaintiff's counsel to take the deposition virtually, saving him the trip to New Jersey.  Plaintiff's counsel failed to confirm the final date with me let alone serve me with a copy of the subpoena as required under the Court Rules.

 Plaintiff's counsel had from May 21, 2026 to June 30, 2026 to complete this deposition.  On June 5, 2026, because I heard nothing from Plaintiff's counsel, I contacted Plaintiff's counsel to confirm whether he intended to proceed with the deposition. He stated he did and I provided him with  my available dates.  I did not hear from him again on the issue.  Instead, I received on June 24th, in the afternoon, an email from a court reporter providing a link for a deposition scheduled for the next day.

More troubling, is Plaintiff's counsel's statements in his July 1, 2026 letter concerning expert reports.  Mr. Kadochnikov states that the deposition of Mr. Bertolino is necessary as he has information to be addressed "by the parties experts".  Plaintiff has never identified any expert in discovery. Moreover,  Plaintiff's expert report was due on March 31, 2026.  At the last case management conference in this case, on May 21, 2026, Your Honor expressly asked Plaintiff's counsel (as was done

16331097

July 8, 2026
Page  2

at every case management conference) what else Plaintiff  needed and had to be done.  Mr. Kadochnikov stated that he only needed to take the deposition of Defendant's accountant.  Mr. Kadochnikov made no mention of intending to produce an expert report.  The Defendants advised that they intended to file a motion for summary judgment and Your Honor set a date a deadline for the filing of summary judgment motions for August 14, 2026 as a result of Plaintiff not producing an expert report or ever requesting an extension of Plaintiff's deadline to produce an expert report.  I also note that we had two prior conferences with Your Honor, on February 26, 2026 and March 30, 2026 and Mr. Kadochnikov never made any mention of producing an expert report or requested that the March 31, 2026 deadline for Plaintiff to produce an expert report be extended.

        Mr. Kadochnikov states that he does not seek to extend the expert discovery deadlines, but the discovery deadline was June 30, 2026 and the deadlines for the production of expert reports has already passed many months ago.  Permitting expert reports at this late date will certainly prejudice Defendants who intend to file a motion for summary judgment by the August 14, 2026 deadline in light of the fact that no expert have been identified, no expert reports have been produced and no extensions of the deadline for production of expert reports which passed months ago was ever sought by Plaintiff.

        Furthermore, I am not available on the July 15, 2026 for the deposition, Plaintiff seeks to take with the extended deadline.

        This case is almost two years old and respectfully, needs to be concluded as there is no legal basis for the claims.

                                        Respectfully submitted,

                                        CAPEHART & SCATCHARD, P.A.

                                        /s/ *Laura D. Ruccolo*

                                        Laura D. Ruccolo

LDR/ldr